*213 OPINION OF THE COURT
Meyer, J.
 Both the second violent offender law and the persistent violent offender law require imposition of enhanced punishment upon conviction as a second or persistent violent felony offender, even though at the time of the prior conviction on which enhanced punishment is based the prior crime was not classified as a violent felony offense. So to construe the statutes involves no violation of the constitutional proscription upon ex post facto laws. Nor, under those statutes, where the predicate offense is only so classified because it occurs after a plea of guilty to a lesser included offense, is there any statutory infirmity in the failure to recite in the information that the prior conviction was obtained upon a plea of guilty or any constitutional defect because the same offense would not be classified as a violent felony if conviction had been obtained after trial. The Legislature did not intend the persistent violent felony offender law to apply, however, unless each of the two or more predicate violent felony convictions other than the first was for a felony which occurred after sentence had been imposed for the conviction which preceded it. In People v Morse and People v Frank, the orders of the Appellate Division should, therefore, be modified by substituting for the persistent violent felony offender adjudication a second violent felony offender adjudication and remitting for resentence and, except as so modified, should be affirmed. In each of the other three cases, the order of the Appellate Division should be affirmed.
I
These five appeals all concern the provisions for mandatory enhanced prison sentences of violent felony offenders established by article 70 of the Penal Law.[1] Each of the *214 defendants has been convicted as either a second violent felony offender (Penal Law, § 70.04) or as a persistent violent felony offender (Penal Law, § 70.08) and, though not questioning that the present conviction is for a violent felony offense, each the determination that one or more of his prior convictions was for a predicate violent felony offense. The relevant facts may be briefly stated.
James Morse, Thomas Frank and Saul Vega were each adjudicated a persistent violent felony offender; Curtis Covington and Jack Johnson were sentenced as second violent felony offenders. Morse’s two prior convictions were both for robbery in the first degree and resulted from his pleas of guilty on one day[3] to two separate indictments in satisfaction of some 17 separate incidents occurring in 1972 and 1973. He was sentenced on a single day in 1974 to concurrent prison sentences on the two indictments. Frank’s prior convictions were for burglary in the second degree and robbery in the second degree. Although those charges arose from separate incidents, Frank pleaded guilty to both on the same day and on March 29, 1978, concurrent prison sentences were imposed on the basis of those pleas. Robbery in the first and second degrees and burglary in the second degree were classified as violent felony offenses when section 70.02 of the Penal Law was enacted in 1978 (L 1978, ch 481, § 3, eff Sept. 1, 1978).
Vega’s, Covington’s and Johnson’s predicate convictions were all for attempted criminal possession of a weapon in the third degree.[4] In none of the three cases, however, did *215 the persistent or predicate violent felony information specify that the conviction had been obtained after a plea of guilty to a lesser included offense. Vega was sentenced on the first predicate conviction on November 10,1975 and on the second on April 24, 1979. Covington’s prior conviction occurred in 1978 and Johnson’s in 1973. Attempted criminal possession of a weapon in the third degree was classified as a violent felony by 1980 amendment to section 70.02 of the Penal Law (L 1980, ch 233, § 2, eff Aug. 12, 1980). Thus, all of the predicate convictions involved in these cases antedated the effective date of the statute classifying the crime on which the conviction was based as a violent felony offense.
The legal issues thus presented for our determination are: (1) whether the Legislature intended that a crime not classified as a violent felony offense when committed should constitute a predicate violent offense and, if so, whether enhancement of the punishment for the present violent crime on the basis of such a predicate crime violates the constitutional proscription against ex post facto laws; (2) whether the Legislature intended that the two or more predicate violent felony offenses required under the persistent violent felony offender law as the predicate for enhanced punishment under that statute be determined individually (i.e., by the separate crimes committed without regard to the fact that convictions may have been jointly obtained), or sequentially (i.e., so that the second offense, to be counted as a predicate, must be committed after sentence was imposed on the first); (3) whether there is any due process violation in the fact that under section 70.02 (subd 1, par [d]) attempted criminal possession of a weapon is a violent offense only when conviction results from a guilty plea; and (4) whether a predicate felony information which does not specify that a prior conviction of attempted criminal possession of a weapon in the third degree was obtained on a plea of guilty to a lesser included offense is 
*216 II
That the Legislature intended the enhanced punishment provisions of sections 70.04 and 70.08 of the Penal Law to apply when the prior crime was committed between September 1, 1967 (the effective date of the present Penal Law) and September 1, 1978 (the effective date of the violent offender law [L 1978, ch 481]) is evidenced by the provisions of section 70.04 (subd 1, par [b]) of the Penal In six separately numbered clauses that paragraph establishes the criteria by which to determine whether a prior conviction is a predicate violent felony conviction. Two of those criteria are of significance on the present question. Clause (i) enumerates four categories of convictions which may qualify as predicate violent felony offenses: class A felonies other than drug offenses, violent felony offenses as defined in subdivision 1 of section 70.02, offenses defined by the Penal Law in effect prior to September 1,1967 which contain all the essential elements of such a felony, and convictions in other jurisdictions of an offense including all the essential elements of such a felony for which a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this State. Clauses (iv) and (v) exclude felonies sentence was imposed more than 10 years prior to the present offense, exclusive of periods of incarceration.
The Legislature has directed that the Penal Law “be construed according to the fair import of [its] terms to promote justice and effect the objects of the law” (Penal Law, § 5.00) and has listed among its general purposes: “To insure the public safety by preventing the commission of offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted, and their confinement when required in the interests of public protection” (Penal Law, § 1.05, subd 6) and “To give fair *217 warning of the nature of the conduct proscribed and of the sentences authorized upon conviction” (id., subd 2).
Construing the violent felony offender sections in accordance with those provisions, we find the intent of the Legislature unmistakable, for it has in clause (i) provided for retroactive application of the sections to class A felonies; to offenses committed prior to September 1,1967; and to offenses committed in other jurisdictions. It is, therefore, inconceivable that the Legislature intended to exclude from the predicate crime category crimes committed in New York between September 1, 1967 and September 1, 1978, but not the identical crimes committed prior to September 1, 1967 or committed in another State. That retroactivity was intended is also strongly suggested by clauses (iv) and (v), made effective as of September 1,1978, and which require enhanced punishment for predicate crimes that may have occurred 10 years (or possibly longer) before the present conviction.
That the predicate crime was not designated a “violent felony offense” when committed does not require a contrary conclusion so long as the elements of the crime when committed were the same as those of an offense now defined as a violent felony offense by subdivision 1 of section 70.02 of the Penal Law, for in such a case, the offender has been given fair warning of the nature of the conduct proscribed in advance of his or her commission of the present offense and at the time of its commission has fair warning of the sentence authorized as a result of the prior offense upon conviction. Thus, the legislative purpose declared in subdivision 2 of section 1.05 of the Penal Law is not infringed.
On similar reasoning, there is no violation of the restriction against ex post facto laws contained in article I (§ 10, cl 1) of the United States Constitution. As the Supreme Court has recognized in Weaver v Graham (450 US 24, 30): “Critical to relief under the Ex Post Facto Clause is * * * the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.” But a sentence as a multiple offender “is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a *218 stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one” (Gryger v Burke, 334 US 728, 732; accord People ex rel. Prisament v Brophy, 287 NY 132, 135, cert den 317 US 625; People v Parker, 41 NY2d 21, 26).
Thus, on neither statutory nor constitutional grounds is an offense committed between September 1, 1967 and September 1, 1978 excluded from classification as a predicate violent felony notwithstanding that it was not so classified when committed.
The Morse and Frank cases present the further question whether sentence can be imposed under section 70.08 of the Penal Law as a persistent violent felony offender when the predicate violent felony convictions resulted from guilty pleas entered on the same day to two separate violent felony charges as to which concurrent sentences were imposed on the same day. The problem is complicated by the fact that subdivision 1 of section 70.08,[7] which defines when a person has two or more predicate violent felony convictions and can thus be classified as a result of his present conviction as a persistent violent felony offender, refers, in an apparent redundancy, in both paragraphs (a) and (b), to the criteria set forth in section 70.04 (subd 1, par [b]), which in its clause (ii) includes the requirement that sentence on the prior conviction have been imposed before commission of the present felony. It is further complicated by the fact that section 70.10, which defines “persistent felony offender,” expressly states in its paragraph (c) of subdivision 1 that “two or more convictions of crimes that were committed prior to the time the defendant was imprisoned under sentence for any of such convictions shall be deemed to be only one conviction.” Defendants argue that omission from section 70.08 of such *219 a limitation was inadvertent; the People contend that it was an intentional rejection of a requirement of sequenti-ality between prior violent felony convictions.
For the reasons set forth below, we conclude that the history of New York’s multiple offender laws establishes the policy that enhanced punishment not be imposed unless the chastening effect of sentence on the prior conviction have preceded commission of the latest crime, and that to construe section 70.08 as the People urge would be contrary not only to that policy but also to accepted rules of statutory construction and would result in ambiguities in the persistent violent felony offender statues that cannot reasonably be said to have been intended.
A
New York, which was the first State in the country to adopt a recidivist statute, enacted such legislation in 1796 (L 1796, ch 30). It enhanced sentence only for the second conviction, however (id.; Penal Code of 1881, § 688, L 1881, ch 676). Provision for further enhancement of punishment was not made until 1907, when, by the addition of section 688-a to the Penal Code (L 1907, ch 645), increased punishment for fourth offenders was added. The latter provision, which without change in substance became section 1942 of the Penal Law of 1909, contained no explicit language concerning the sequence of the first three convictions, and sequentiality of the convictions does not appear to have been litigated prior to its amendment in 1926.[8]
Fourth felony convictions became more likely with the amendment of section 1942 in 1926 to delete the requirement that prior convictions be alleged in the indictment and proved at trial and with the addition, in the same year, of a provision requiring imposition of a fourth felony sentence upon a prisoner already sentenced if previously undiscovered convictions thereafter became known (Penal *220 Law of 1909, § 1943). It then was held that the three prior convictions need not be sequential (People ex rel. Reynolds v Morhous, 268 App Div 843; People ex rel. Terwilliger v Brophy, 256 App Div 894; Matter of Terwilliger v Turk, 156 Misc 246; contra People v Spellman, 136 Misc 25, 29).
Multiple crime indictments and the consolidation of indictments for trial was permitted for the first time when section 279 of the Code of Criminal Procedure was enacted by chapter 328 of the Laws of 1936. In conjunction with the adoption of that section, section 1941 of the Penal Law, pertaining to second felony offenders, and section 1942, pertaining to fourth felony offenders, were each amended by addition of a sentence reading: “For purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction.” As thereafter construed, section 1942 mandated a life sentence for a fourth offender three of whose four prior convictions resulted from guilty pleas, taken simultaneously, to consecutively numbered but separate forgery indictments (People v Taylor, 13 NY2d 675, affg without opn 16 AD2d 944) but did not require such a sentence when two of the prior indictments were tried before the same Judge and jury and resulted in simultaneous guilty verdicts, notwithstanding that the charges arose from different transactions and that the sentences on them were directed to be served consecutively (People ex rel. Janosko v Fay, 6 NY2d 82).[9] The distinguishing feature was that although in the latter case the indictments had not technically been consolidated, they were “consolidated for trial” within the meaning of section 1942, whereas in the former there had been no consolidation.
It is not surprising, therefore, that the Temporary Commission on Revision of the Penal Law and Criminal Code (Commission) found the sentencing structure of the Penal Law “permeated * * * with inconsistencies, ambiguities, *221 inequities and archaisms” (1963 Report to Legislature, NY Legis Doc, 1963, No. 8, p 27). The 1965 Penal Law, enacted on recommendation of the Commission, discarded the prior mandatory second and fourth felony offender provisions. It treated second felony offenders no differently than first, and even as to a persistent felony offender substituted discretionary enhancement of punishment for the prior mandatory provision. Section 70.10 (subd 1, par [a]) defined a persistent felony offender as “a person who stands convicted of a felony after having previously been convicted of two or more felonies”, but paragraphs (b) and (c) limited the prior convictions that could be considered predicates. Paragraph (b) required that a sentence of imprisonment greater than one year have been imposed (cl [i]), that the defendant have been imprisoned prior to commission of the present felony (cl [ii]), and that defendant not have been pardoned on the ground of innocence (cl [iii]). Additionally, paragraph (c) provided that: the purpose of determining whether a person has two or more previous felony convictions, two or more convictions of crimes that were committed prior to the time the defendant was imprisoned under sentence for any of such convictions shall be deemed to be only one conviction.” Each of these limitations was an explicit rejection of the prior law as interpreted by the courts (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.10, pp 222-223; Proposed New York Penal Law, Commission Staff Notes, pp 283-286). Moreover, as the Commission made clear, the purpose of the statute was to permit enhanced sentencing “for persons who persist in committing serious crimes after having been subjected to repeated terms of imprisonment” and the section was to be applied to a person who commits a felony “after having been incarcerated for two separate felonies, the second of which was committed subsequent to incarceration for the first” (Commission Staff Notes, p 283; see, also, id., p 285; 1964 Report to Legislature, NY Legis Doc, 1964, No. 14, pp 18-19; Report to Legislature, NY Legis Doc, 1966, No. 28, p 24).
When in 1973 mandatory enhanced sentences for second felony offenders were reinstated (L 1973, ch 277, § 9, enacting Penal Law, § 70.06), the Legislature made clear, by the *222 repetition in section 70.06 (subd 1, par [b], cl [ii]) of the chronological sequence requirement of section 70.10 (subd 1, par [b], cl [ii]), its intention to retain the policy established by the 1965 Penal Law that enhanced punishment not be imposed merely for repeated criminality, but only for refusal to reform after sentence on a prior crime had been imposed. It strengthened the criteria established by section 70.10, however, by providing that a sentence in excess of one year need only be authorized (§ 70.06, subd 1, par [b], cl [i]), rather than have been imposed (§ 70.10, subd 1, par [b], cl [i]), and that probation, a suspended sentence, and the like, be deemed a sentence (§ 70.06, subd 1, par [b], cl [iii]).
B
It is against this background that the violent felony provisions enacted by chapter 481 of the Laws of 1978 must be viewed. That statute enacted section 70.02 enumerating the offenses classified as violent and the sentences authorized for each, section 70.04 defining a second violent felony offender and detailing the sentences required, and section 70.08 defining a persistent violent felony offender and stating the sentences required to be imposed. It also amended section 70.06 to exclude from the definition of second felony offender “a second violent felony offender as defined in section 70.04” and section 70.10 to exclude from the definition of persistent felony offender “a persistent violent felony offender as defined in section 70.08.”[10]
Section 70.08 differs from the other three recidivist statutes in that, instead of listing its own criteria limiting and defining the meaning of “two or more predicate violent felony convictions,” it cross-references in both paragraphs (a) and (b) of its subdivision 1 (quoted in n 7 above) to section 70.04 (subd 1, par [b]). Nothing in the legislative history explains why the cross reference to section 70.04, which deals with the relation between the present conviction and a prior conviction, was thought sufficient even *223 though section 70.08 involves “two or more” prior convictions. Subdivision 1 of section 70.08 is, however, to be so construed that all of its parts are harmonized and meaning and effect is given to all its language (McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 98, 231). That can only be done by reading paragraph (a) of that subdivision to define the relationship between the present violent felony conviction and each of the prior violent felony convictions, and reading paragraph (b) to define the relationship between the two predicate convictions so that sentence on the first must have been imposed before commission of the second. Unless that is done the sequentiality criterion of section 70.04 (subd 1, par [b], cl [ii]), already brought into play by the paragraph (a) cross reference would serve no purpose through the cross reference in paragraph (b). Moreover, so to construe the subdivision is consistent with the use of section 70.04 criteria, “[f]or the purpose of determining whether a person has two or more predicate violent felony convictions,” as its paragraph (b) expressly requires.[11]
Section 70.08 differs from section 70.10 in that it does not include by cross reference or adoption of the same language, a provision similar to section 70.10 (subd 1, par [c]) specifically requiring that two or more convictions of crimes committed prior to imprisonment under sentence for any of them be treated as one conviction. Absent the cross reference to section 70.04, with its incorporation of sequentiality, the omission of a provision paralleling section 70.10 (subd 1, par [c]) might be read as indicating a legislative desire to treat persistent violent felony offenders more harshly in terms of the sequentiality of their prior convictions. But the contrary is suggested not only by the cross reference to section 70.04, but also by the rejection in 70.04 (and thus by cross reference in 70.08) of section 70.10’s requirement of an actual prison sentence greater than one year, and its inclusion of probation, suspended sentence and the like as a prior sentence. By recognizing that failure to reform after a sentence of the *224 latter type is as blameworthy, if not more so, as failure to do so after imprisonment, the Legislature has indicated its continued recognition in section 70.08 of the opportunity to reform implicit in the sequentiality provisions of all of the other multiple offender statutes.
The conclusion that sequentiality remains a factor in the persistent violent felony offender provisions of section 70.08 is consistent with the rule for construction of statutes in pari materia. Under that rule “where the legislation dealing with a particular subject consists of a system of related general provisions indicative of a settled policy, new enactments of a fragmentary nature on that subject are to be taken as intended to fit into the existing system and to be carried into effect conformably to it, excepting as a different purpose is plainly shown” (United States v Jefferson Elec. Co., 291 US 386, 396; accord Delaware Midland Corp. v Incorporated Vil. of Westhampton Beach, 39 NY2d 1029, affg on opn at Special Term 79 Misc 2d 438, 444; City of Rochester v Union Free School Dist. No. 4, 280 NY 531, affg 255 App Div 96, 102; Matter of New York, Westchester & Boston Ry. Co. [Huntington], 193 NY 72, 89). Here a legislative policy of sequentiality is established for second felony offenders (§ 70.06, subd 1, par [b], cl [ii]), persistent felony offenders (§ 70.10, subd 1, par [b], cl [ii]), second violent felony offenders (§ 70.04, subd 1, par [b], cl [ii]) and by cross reference to the latter provision for persistent violent felony offenders as well (§ 70.08, subd 1, pars [a], [b]), and nothing in the history of the latter provision, other than the failure also to refer to section 70.10 (subd 1, par [c]), suggests that the Legislature intended that sequentiality should apply between the present and each of the prior convictions but not between the prior convictions themselves.
To conclude that as to persistent violent felony offenders the Legislature purposefully but silently accepted sequen-tiality between present and predicate convictions but rejected sequentiality as between the predicate convictions themselves is to ignore the importance attached to the principle by the Commission and to return, as to predicate violent felony convictions, to the pre-1965 ambiguity and arbitrariness which the Commission decried. The fourth *225 felony offender provision of section 1942 of the 1909 Penal Law at least contained a sentence, quoted above, directing that convictions on charges separately stated in one indictment or in two indictments consolidated for trial be deemed but one conviction. If section 70.08 is construed to have abandoned sequentiality between predicate convictions, it would provide no direction as to the situations covered by that former sentence or as to two offenses arising from the same transaction but resulting in convictions under different indictments or as to two convictions on different charges obtained by plea on the same day. It is not reasonable to conclude that the Legislature so intended. The more reasonable construction, because it eliminates all such problems and accords with the rules of construction by which legislative intent is to be determined, is that under section 70.08 sequentiality applies as between predicate convictions as well as between present and predicate convictions.
The remaining issues can be dealt with more summarily. Defendant Vega’s argument that the persistent violent felony offender information filed against him was jurisdictionally defective because it did not state that his prior conviction for attempted criminal possession of a weapon in the third degree was on a guilty plea is answered by People v Harris (61 NY2d 9, 20). There we held the failure to file a predicate statement was harmless, the statutory purpose of apprising the court of the facts and providing defendant with reasonable notice and an opportunity to be heard having been satisfied. There can be no question that such is the present case, for the minutes of defendant’s present sentencing include the Judge’s statement that “there has been no jury connected with any of these prior criminal acts.” There was, in any event, no jurisdictional defect. The information stated the prior conviction to have been for attempted criminal possession of a weapon in the third degree and made specific reference to subdivision 1 of section 70.02 of the Penal Law. Paragraph (d) of that subdivision by its reference to “a lesser included offense * * * as defined in section 220.20 of the criminal procedure law” makes clear that the offense could be a *226 lesser included offense only when conviction is on a plea of guilty and not by verdict (CPL 220.20, subd 2). The claimed missing allegation is, therefore, sufficiently incorporated by reference (People v Cohen, 52 NY2d 584).
No more successful is Vega’s contention that his enhanced punishment results partly from the previous charge rather than what he was convicted for. That is true only in the sense that had he been charged with attempted criminal possession of a weapon in the third degree rather than with the offense of possession itself, his guilty plea would not constitute a violent felony conviction within the meaning of section 70.02 (subd 1, par [d]) of the Penal Law. He was, however, aware when he entered his guilty pleas to the prior offenses that the offense to which he pleaded existed essentially only for purposes of plea negotiation (see Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 220.20, p 277). Unlike the situation in People v Drummond (40 NY2d 990), on which defendant relies, the punishment now imposed upon him is not wholly dependent on an unproven charge. Here reliance on the prior indictment is minimal and the enhanced punishment imposed constitutes no violation of due process, for, to paraphrase our recent holding in People v Felix (58 NY2d 156, 163): “[adjudication, though with something less than trial formality, thus [had] an important role [in the prior conviction]; sentence [for the present offense] does not depend solely on [the prior] accusation.”
Accordingly, in People v Morse and People v Frank the orders of the Appellate Division should be modified by vacating the persistent violent felony adjudication, and remitting for sentence as a second violent felony offender and, except as so modified, should be affirmed. In People v Covington, People v Vega and People v Johnson, the orders of the Appellate Division should be affirmed.

. Article 70 differentiates as to sentence between felonies and violent felonies and as to each category requires imposition of enhanced punishment for a second offense and of even heavier punishment for a persistent offender. Section 70.00 of the Penal Law establishes sentences of imprisonment for felony; section 70.06 defines a second felony offender and requires imposition of maximum and minimum sentences for such an offender; section 70.10 defines a persistent felony offender and the authorized sentences for such an offender. Section 70.02 of the Penal Law categorizes, by cross reference to other sections of the Penal Law, various crimes as violent felony offenses and establishes the sentences of imprisonment authorized for violent felony offenders; section 70.04 *214

. Morse and Prank raised their present objections prior to sentence. Although Covington, Vega and Johnson did not, they have not controverted the allegations of the predicate or persistent felony information, which would require timely objection (CPL 400.15, subd 3; 400.16, subd 2), nor are they arguing that the court omitted a required procedure or failed to exercise its discretion, prior to imposing a permissible sentence (cf. People v McGowen, 42 NY2d 905; People v Drummond, 40 NY2d 990, cert den sub nom. New York v Luis J., 431 US 908). Rather, conceding the facts, they attack the power of the court to sentence as it did. Such a challenge may be raised for the first time on appeal (People v Fuller, 57 NY2d 152, 156).

. While the fact is that Morse, and also Prank, pleaded guilty to two prior crimes on the same day, the dissent is in error in suggesting (p 227) that the fact that “the sentences for his two prior convictions were imposed on the same date” is the basis for the result reached. The same result would follow from sentences on different days where sentence for the first was not imposed prior to commission of the second.

. The definition of “violent felony offense” in section 70.02 (subd 1, par [d]) of the *215 Penal Law includes “an attempt to commit any of the felonies of criminal possession of a weapon in the third degree as defined in subdivisions four and five of section 265.02 as a lesser included offense of that section as defined in section 220.20 of the criminal procedure law.” As the reference to CPL 220.20 makes clear, the convictions would have had to have been on guilty plea to a lesser included offense, not on conviction by verdict.

. Morse’s brief also raises identification issues, which we do not consider because *216 they were not raised at the Wade hearing, his counsel having then conceded that in-court identification was for the jury and that there was nothing improper about the photo identification.

. Section 70.04 (subd 1, par [ab of the Penal Law defines “second violent felony offender” as a person convicted of a violent felony as defined in section 70.02 of the Penal Law “after having previously been subjected to a predicate violent felony conviction as defined in paragraph (b).” Section 70.08 (subd 1, par [b]) of the Penal Law directs that as to a persistent violent felony offender “[fjor the purpose of determining whether a person has two or more predicate violent felony convictions, the criteria set forth in paragraph (b) of subdivision one of section 70.04 shall apply.”

. That subdivision reads:
“1. Definition of persistent violent felony offender.
“(a) A persistent violent felony offender is a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04.
“(b) For the purpose of determining whether a person has two or more predicate violent felony convictions, the criteria set forth in paragraph (b) of subdivision one of section 70.04 shall apply.”

. Among the reasons suggested for the absence of litigation as to sequentiality are the requirement that the three prior convictions be alleged in the indictment and proven at trial, the hesitancy of juries to convict in view of the harsh penalty, the absence of a national fingerprint identification system, and the ability of the defendant charged as a fourth felony offender to plead guilty as a first offender, all of which combined to make such convictions rare (People v Spellman, 136 Misc 25, 28; see McQuillan, New York’s Persistent Felony Offender Laws: The Importance of the Sequence of the Prior Convictions [unpublished paper, submitted with defendant Frank’s brief], pp 14-15, 18).

. It is, thus, incorrect to say, as does the dissent (p 232), that Janosko and Taylor evidence a policy that crimes which share the same time, place and nature be considered as one predicate conviction under the statute. On their facts those cases involved separate transactions; they turn simply on whether the resulting indictments were consolidated for trial.

. The latter language on which the dissent places such great emphasis was, thus, no more than a conforming amendment intended to obviate any ambiguity that might otherwise exist as to the nonviolent offenses defined in sections 70.06 and 70.10. To read it as rejecting sequentiality as to the persistent violent felony offender defined in section 70.08 is to ignore the parallel amendment of section 70.06, which includes a sequentiality provision, and the cross references in section 70.08 (subd 1, pars [a], [b]) to section 70.04 (subd 1, par [b]), which also includes an identically worded sequentiality provision.

. In light of the cross reference and the inclusion in section 70.04 (subd 1, par [b], cl [ii]) of the requirement that the “prior conviction must have been imposed before commission of the present felony”, it is difficult to understand the statement in the dissent (pp 231-232) that “a specific requirement for multiple separate prior sentences is * * * not mentioned in the persistent-uiole/ii statute” (emphasis in original).