■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY FAGAN, Appellant. — Judgment, Supreme Court, New York County (Burton Roberts, J.), entered October 5, 1982, convicting defendant on a plea of guilty to two counts of attempted robbery in the second degree and sentencing him as a persistent violent felony offender to two concurrent sentences of 6 years to life, unanimously modified, on the law, to the extent of vacating the sentence and remanding the matter to Supreme Court for resentencing as a second violent felony offender, and otherwise affirmed. ¶ Appellant was sentenced as a persistent violent felony offender based upon three prior convictions for second degree robberies in the Counties of Richmond (January 29, 1976), Kings (April 26, 1976) and New York (April 28, 1976), for which he received concurrent sentences of 4 to 8 years in Richmond and New York and 4½ to 9 years in Kings. This appeal is from a subsequent 1982 judgment convicting him, after a plea of guilty, to two counts of attempted robbery in the second degree with respect to events which occurred in 1981, following his release. Appellant challenges, *inter alia,* the propriety of his having been adjudicated a persistent violent felony offender. ¶ The recent decision by the Court of Appeals in *People v Morse* (62 NY2d 205) fully disposes of appellant's argument that the persistent violent felony offender sentencing statute (Penal Law, § 70.08) is unconstitutional because it is ex post facto punishment. The court there rejected this argument and held that the reclassification of prior felony convictions as violent felonies under sections 70.04 and 70.08 of the Penal Law does not violate the restriction against ex post facto legislation contained in section 10 (cl 1) of article I of the United States Constitution since the additional penalty imposes a more severe punishment for the latest crime for which he is being sentenced but does not impose any additional penalty for the prior crime(s). ¶ However, the Court of Appeals in *People v Morse (supra,* p 215) held that, to determine the defendant's status as a persistent violent felony offender (two or more predicate violent felony convictions [Penal Law, § 70.08, subd 1, par (a)]), the Legislature intended that the two or more predicate violent felony offenses be determined "sequentially (i.e., so that the second offense, to be counted as a predicate, must be committed after sentence was imposed on the first)". The court held (p 213) "The Legislature did not intend the persistent violent felony offender law to apply, however, unless each of the two or more predicate violent felony convictions other than the first was for a felony which occurred after sentence had been imposed for the conviction which preceded it." ¶ In discussing the history which led to the enactment of the predicate and persistent violent felony offender statutes, the court found that the underlying purpose was to permit an additional sentence for those who persisted in the commission of serious crimes after having been subjected to repeated imprisonments and held (p 219) "New York's multiple offender laws [establish] the policy that enhanced punishment not be imposed unless the chastening effect of sentence on the prior conviction * * * preceded commission of the latest crime". As applied here, the three 1976 convictions with concurrent terms imposed within a three-month period suffice to adjudge defendant a predicate violent felon, but they may not be considered individually in terms of persistent violent felony offender status. ¶ Accordingly, we deem it appropriate to remand the matter to Supreme Court for resentencing as a second violent felony offender. Concur — Murphy, P. J., Sandler, Sullivan, Carro and Kassal, JJ.