■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THURMAN RIDDICK, Appellant. — Judgment of the Supreme Court, New York County (Katz, J.), rendered on June 16, 1983, unanimously modified, on the law, to reverse as to the sentence and otherwise affirmed and the matter remanded for resentence.

Counsel's motion for leave to withdraw is granted and new counsel is directed to be designated to represent defendant at resentence.

Defendant pleaded guilty to criminal possession of a weapon in the third degree. He was thereafter sentenced as a persistent violent felony offender to eight years to life. On appeal his counsel filed a brief in which he stated that the motion to suppress physical evidence was properly denied and that there was no constitutional infirmity in the predicate violent felony offenses. He therefore requested that he be permitted to withdraw (*Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). In accordance with the procedure laid down in those cases, a copy of the brief submitted by counsel was forwarded to defendant together with a letter which embodied the information that, if he desired to do so, he could submit a *pro se* supplemental brief. Defendant did so, urging that his predicate convictions were constitutionally infirm on the grounds that (a) the application of the persistent felony offender statute to the predicate convictions, which occurred prior to the enactment of that statute, was ex post facto and (b) in the allocution which preceded his predicate convictions, he was denied his *Boykin* rights (*Boykin v Alabama,* 395 US 238). Both of these issues were decided adversely to the position urged by defendant subsequent to his conviction (*People v Morse,* 62 NY2d 205; *People v Harris,* 61 NY2d 9).

Apparently, defendant learned of these decisions after his initial *pro se* brief was submitted. Undaunted, he submitted a second *pro se* brief in which he argued that the two predicate felonies which formed the basis for the persistent violent felony information were pleaded to on the same day and on March 13, 1975 he was sentenced to concurrent terms of imprisonment on both. He urges that under *People v Morse* (62 NY2d 205, 219-225, *supra*), a prior conviction may not be deemed a predicate conviction for enhanced sentence purposes unless sentence was imposed for the prior conviction prior to commission of the subsequent crime. If a defendant is sentenced for two or more crimes simultaneously they may not, under *Morse,* be considered as separate crimes for purposes of added punishment. Commendably, the prosecutor concedes that this latter argument is a correct statement of the law. By consequence, the imposition of enhanced punishment was improper. Accordingly, *we* reverse, vacate the sentence and remand for resentence. In so doing, however, we do not pass on the issue of whether defendant's 1972 conviction may serve as a predicate for a persistent felony or a persistent violent felony information for the purpose

of imposing additional punishment. We leave that for such time as resentence is imposed. At that time, the sentencing judge will have the opportunity to determine whether the predicate felonies or the violent predicate felonies set forth in the information meet the standards necessary to constitute them predicate felonies or violent predicate felonies and, thus, to justify enhanced punishment. Concur — Kupferman, J. P., Carro, Bloom and Rosenberger, JJ.