(October 3, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PRIOLEAU, Appellant.—Judgment of the Supreme Court, Bronx County (Chananau, J.), rendered April 6, 1983, convicting defendant of robbery in the first degree, rape in the first degree and assault in the second degree and sentencing him to concurrent terms of imprisonment as a persistent violent felony offender, modified on the law to vacate the sentences imposed and the adjudication of defendant as a persistent violent felony offender and the matter remanded for resentence of defendant as a second violent felony offender, and, except as so modified, affirmed.

The two prior convictions on which the sentencing court predicated defendant's adjudication as a persistent felony offender were convictions for which sentence was imposed the same day. As the prosecutor commendably concedes, these convictions may not be treated separately for purposes of enhanced punishment. As *People v Morse* (62 NY2d 205, 222) notes, "enhanced punishment may not be imposed * * * for

repeated criminality, but only for refusal to reform after sentence on a prior crime had been imposed". Indeed, Penal Law § 70.10 (1) (c) expressly mandates that in determining whether a defendant is a persistent felony offender "two or more convictions of crimes that were committed prior to the time the defendant was imprisoned under sentence for any of such convictions shall be deemed to be only one conviction." The failure to include a counterpart provision in Penal Law § 70.08, which deals with the sentencing of persistent *violent* felony offenders, was, as noted in *Morse,* merely legislative oversight.

Accordingly, we hold that defendant was improperly sentenced as a persistent violent felony offender and that he must be resentenced as a second violent felony offender.

We have examined the other issues raised by defendant and find them to be without merit. Concur—Murphy, P. J., Sandler, Asch, Bloom and Ellerin, JJ.