■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JENKINS, Appellant.—Judgment, Supreme Court, New York County (Martin H. Rettinger, J.), rendered July 22, 1983, which convicted defendant, after a jury trial, of the crimes of burglary in the first degree (Penal Law § 140.30) (three counts), of robbery in the first degree (Penal Law § 160.15) (two counts), and of robbery in the second degree (Penal Law § 160.10), and sentenced him as a persistent violent felony offender, to indeterminate terms of imprisonment of from 20 years to life on each one of the first degree burglary and first degree robbery counts, and to an indeterminate term of imprisonment of from 15 years to life on the second degree robbery count, with all of these sentences to run concurrently, is unanimously modified, on the law, to the extent of reversing said sentences, vacating the adjudication that defendant is a persistent violent felony offender, and remanding defendant for resentence as a second violent felony offender, and, except as so modified, affirmed.

Since, as the People properly concede, defendant committed the second of his violent felony offenses before the date on which he was sentenced concerning his first violent felony offense conviction, we find that defendant could not, under the holding of *People v Morse* (62 NY2d 205), be adjudicated a persistent violent felony offender. He had committed each of these offenses prior to being sentenced on either one, and *People v Morse (supra),* held that one may not be sentenced as a persistent violent felony offender if he was not sentenced for one of the two predicate felonies, before committing the second. Accordingly, we vacate said finding and the sentences based thereon, and remand for resentencing of the defendant, as a second violent felony offender.

We have examined the many additional points raised by the defendant, and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Fein and Kassal, JJ.