■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered August 18, 1983, convicting him of attempted murder in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to concurrent terms of imprisonment of 25 years to life.

Judgment modified, on the law, by (1) vacating the sentence imposed and (2) vacating the persistent violent felony adjudication, and substituting therefor an adjudication that defendant is a second violent felony offender. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Kings County, for resentencing.

As the prosecution concedes, under the Court of Appeals decision in *People v Morse* (62 NY2d 205, *appeal dismissed sub nom. Vega v New York,* — US —, 105 S Ct 951), the sentencing court erred in adjudicating appellant to be a persistent violent felony offender. Defendant's two prior violent felony convictions were rendered in September 1981 and October 1981, respectively. The conviction in October 1981 was for a crime committed prior to the imposition of the first sentence. In *People v Morse (supra),* the Court of Appeals held that Penal Law § 70.08 (1) (b) must be interpreted as requiring that the predicate violent felony offenses must have been committed sequentially, that is, the proposed second predicate violent felony offense must have been committed after sentence was imposed upon the first predicate violent felony offense. Thus, defendant's prior convictions do not constitute two or more predicate convictions for the purpose of sentencing him as a persistent violent felony offender. Accordingly, that adjudication is vacated, defendant is adjudicated a second violent felony offender, and the matter is remitted for resentencing.

We have reviewed defendant's other contentions and find them to be without merit. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.