■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KING, Appellant.—Judgment of the Supreme Court, New York County (Harold J. Rothwax, J.), rendered May 1, 1984, convicting defendant Dennis King, upon his guilty plea, of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10), and sentencing him as a persistent violent felony offender to a term of 6 years to life imprisonment, unanimously modified, on the law, to the extent of vacating

the sentence and remanding the matter to Supreme Court for resentencing defendant as a second violent felony offender, and, except as modified, affirmed.

On March 23, 1984, defendant pleaded guilty to attempted robbery in the second degree in full satisfaction of all charges against him. Defendant was represented by counsel and was aware of the rights he was waiving. Although defendant agreed that he would not challenge the constitutionality of two prior felony convictions against him, the use of which was anticipated for the purpose of enhanced sentencing, he did reserve the right to contest on appeal whether these two prior convictions could serve as predicates for a persistent violent felony offender sentence.

Defendant had been sentenced for both of his previous felony convictions on the same day. At the time of defendant's sentencing for the present conviction the court recognized that although the issue was before it, the Court of Appeals had not yet ruled on whether convictions for which sentences were simultaneously imposed could serve as predicates for persistent violent felony offender treatment pursuant to Penal Law § 70.08. Defendant's reservation of rights in this regard was, therefore, acknowledged.

Since May 1, 1984, when defendant was sentenced, the Court of Appeals has held that only sentences sequentially imposed may be used as predicates for according a defendant persistent violent felony offender status; the second predicate felony must have been committed after imposition of sentence for the first predicate felony. *(People v Morse, 62 NY2d 205, 225 [1984].)* In light of the *Morse* holding and the fact that defendant has no record of violent felony convictions other than those previously mentioned, defendant must be resentenced as a second violent felony offender pursuant to Penal Law § 70.04. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Ellerin, JJ.