■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON WHITAKER, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J.), rendered on April 5, 1984, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a persistent violent felony offender, to an indeterminate prison term of 12½ years to life, modified, on the law, to vacate the sentence and remand for resentencing, and otherwise affirmed.

As the People acknowledge, the defendant should have been sentenced as a predicate violent felony offender, and not as a persistent violent felony offender. In the persistent violent felony offender statement filed by the People, on the basis of which the defendant was erroneously sentenced, there was an inadvertent failure to appreciate that the first conviction described in this statement was imposed after the commission of the second violent felony. *(See,* Penal Law § 70.08; *People v Morse,* 62 NY2d 205.)

We have considered defendant's other claims of error and find these to be without merit. Concur—Murphy, P. J., Sandler, Asch, Kassal and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARUE MACKEY, Appellant.—Application by appellant's counsel to withdraw as counsel is unanimously granted *(see, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833), and, pursuant to County Law § 722, Richard Gabriele of the firm of Schulman & Altman, 84 William Street, Suite 1501, New York, New York, 10038, shall be substituted as counsel for the purpose of perfecting the appeal from the judgment, Supreme Court, New York County (Patrick McGinley, J.), rendered on March 11, 1982, and said appeal is to be recalendared upon its perfection. No opinion. Concur—Murphy, P. J., Sandler, Sullivan, Milonas and Rosenberger, JJ.

■ JOSEPH V. MONTELLA et al., Appellants, v NEW YORK TELEPHONE COMPANY, Respondent and Third-Party Plaintiff-Respondent. ALEXANDER BUILDING CORPORATION et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County (David Saxe, J.), entered on or about February 18, 1986, unanimously affirmed for the reasons stated by David Saxe, J., without costs and without disbursements. Concur—Murphy, P. J., Sandler, Carro, Kassal and Rosenberger, JJ.