■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY STEWART, Also Known as PRINCE PLUMMER, Appellant.—Judgment, Supreme Court, New York County (Burton Roberts, J.), entered October 8, 1982, which convicted defendant, upon his pleas of guilty, of the crimes of manslaughter in the first degree (Penal Law § 125.20) and attempted robbery in the first degree (Penal Law §§ 110.00, 160.15), and sentenced him, as a persistent violent felony offender, to concurrent terms of imprisonment of from 12½ years to life on the manslaughter count, and from 12½ years to life on the attempted robbery count, and which sentences are to run consecutively to the defendant's sentences for armed robbery in New Jersey, and to run concurrently with whatever sentence the defendant might receive on a pending case in Missouri, is unanimously modified, on the law, to the extent of reducing the sentence on the manslaughter count to 12½ to 25 years, and on the attempted robbery count to 7½ to 15 years, and, except as thus modified, otherwise affirmed.

On July 21, 1982, the defendant entered pleas of guilty to the crimes of manslaughter in the first degree and attempted robbery in the first degree in satisfaction of an indictment which, inter alia, charged that, on May 23, 1981, in New York County, the defendant shot and killed a store owner in the course of a robbery. During the plea negotiations, the trial court promised to sentence defendant, as a persistent violent felony offender, to concurrent terms of imprisonment of from 12½ years to life on the manslaughter count, and to 12½ years to life on the attempted robbery count, and those sentences were to run consecutively to the defendant's sentences for armed robbery in New Jersey, and to run concurrently with whatever sentence the defendant might receive on a then-pending case in Missouri. Furthermore, the trial court stated that if this court determined that defendant was not a persistent violent felony offender, then the concurrent plea sentences would be reduced to 12½ to 25 years on the manslaughter count, and to 7½ to 15 years on the attempted robbery count, but, in any event, those reduced concurrent

sentences would still be consecutive to the New Jersey sentences and concurrent with the sentence to be imposed in Missouri.

Thereafter, on September 30, 1982, before sentencing defendant, the trial court found him to be a persistent violent felony offender, upon the basis of two 1974 New Jersey convictions for armed robbery.

Defendant contends, and the People concede, that defendant was not properly adjudicated a persistent violent felony offender, since he was sentenced for both of the subject New Jersey armed robberies on the same day. We agree. Recently, we, unanimously, held in *People v Laster* (118 AD2d 509 [1st Dept 1986]) that when convictions occur on the same day they "should [be] deemed a single conviction for purposes of enhanced sentencing. *(People v Morse,* 62 NY2d 205.) Thus, defendant is entitled to have his sentence vacated".

In the instant case, we find no reason to remand for resentencing since the trial court, as mentioned, *supra,* provided for an alternative sentence if defendant was determined not to be a persistent violent felony offender.

Accordingly, we modify the judgment to the extent of reducing the sentence on the manslaughter count to 12½ to 25 years, and on the attempted robbery count to 7½ to 15 years, and, except as thus modified, we otherwise affirm. Concur—Murphy, P. J., Kupferman, Ross, Lynch and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Sheldon Levy, J.), rendered on May 20, 1985, unanimously affirmed.