■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CORSELLI, Also Known as JAMES CORSELLI, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Braatz, J.), rendered May 6, 1983, convicting him of burglary in the first degree, upon his plea of guilty, and sentencing him, as a persistent violent

felony offender, to an indeterminate term of 10 years to life imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed, vacating the persistent violent felony offender adjudication, and substituting therefor an adjudication that the defendant is a second violent felony offender; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for resentencing.

As the prosecution concedes, under the Court of Appeals decision in *People v Morse* (62 NY2d 205, *appeal dismissed sub nom. Vega v New York,* 469 US 1186), the sentencing court erred in adjudicating the appellant to be a persistent violent felony offender. The defendant's prior violent felony convictions were rendered on October 3, 1977. On those prior felony convictions, the defendant received concurrent sentences. The Court of Appeals in *People v Morse (supra)* held that Penal Law § 70.08 (1) (b) must be interpreted as requiring that the second predicate violent felony offense must have been committed after sentence was imposed on the first. Thus, the defendant's prior convictions do not constitute two or more predicate convictions since the proposed second predicate offense was not committed after sentence was imposed upon the first predicate offense *(see, People v Rodriguez,* 116 AD2d 749). Accordingly, that adjudication is vacated, the defendant is adjudicated a second violent felony offender, and the matter is remitted for resentencing.

We have reviewed the defendant's other contentions and find them to be without merit. Mollen, P. J., Lawrence, Kunzeman and Sullivan, JJ., concur.