■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY HEARNS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered February 3, 1984, convicting him of robbery in the first degree (seven counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by (1) vacating the sentence imposed, and (2) vacating the persistent violent felony adjudication upon the defendant's conviction of robbery in the first degree (seven counts) and substituting therefor an adjudication that the defendant is a second violent felony offender upon his conviction of robbery in the first degree (seven counts); as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for resentencing.

On the instant appeal, the defendant argues, *inter alia,* that he was denied his constitutional right to effective assistance of trial counsel and that his judgment of conviction must therefore be reversed. Specifically, the defendant argues that (1) his trial counsel was either unaware of or did not appreciate the fact that the defendant had two prior violent felony convictions which subjected him, upon conviction after trial in the

instant case, to a persistent violent felony sentence ranging from 10 years to life imprisonment, to 25 years to life imprisonment *(see,* Penal Law § 70.08 [2], [3] [a]), and (2) trial counsel therefore could not effectively counsel the defendant as to whether it was in his best interest to accept a plea of guilty with a sentence promise of 10 to 20 years which was offered by the prosecutor.

This argument must be rejected.

The record indicates that the two predicate violent felony convictions for robbery in the first degree relied on by the sentencing court in this case arose from two guilty pleas entered by the defendant on the same day under separate and distinct indictments. In *People v Morse* (62 NY2d 205), decided approximately three months after judgment was rendered in the instant case, the Court of Appeals held that Penal Law § 70.08 (1) (b) must be interpreted as requiring that the second predicate violent felony offense must have been committed after sentence was imposed on the first. Thus, the defendant's prior convictions in the instant case "do not constitute two or more predicate convictions since the proposed second predicate offense was not committed after sentence was imposed upon the first predicate offense" *(People v Corselli,* 128 AD2d 545, 546). Accordingly, the defendant cannot prevail on his claim of ineffective assistance of trial counsel. Nevertheless, in view of the holding of the Court of Appeals in *People v Morse (supra),* the defendant's adjudication as a persistent violent felony offender upon his conviction of robbery in the first degree (seven counts) must be vacated, the defendant must be adjudicated a second violent felony offender upon that conviction, and the matter must be remitted for resentencing thereon. In view of our determination on this issue, we deem it appropriate to vacate the sentence imposed by the court on the defendant's conviction of reckless endangerment in the first degree, and to remit for resentencing on that conviction as well *(see, People v Jackson,* 140 AD2d 458).

We have examined the defendant's remaining contentions and find them either unpreserved for appellate review or without merit (CPL 470.05 [2]; 470.15 [5]; *People v Gaimari,* 176 NY 84, 94; *People v Garafolo,* 44 AD2d 86, 88; *People v Armstead,* 134 AD2d 601; *People v Minota,* 137 AD2d 837; *People v Miller,* 114 AD2d 863; *People v Brathwaite,* 63 NY2d 839). Mangano, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.