THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMAND DRITTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered February 22, 1990, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his guilty plea was involuntarily obtained as a result of the court

misinforming him of his potential sentence liability as a persistent violent felony offender. Because the defendant never moved to withdraw his guilty plea, this issue is unpreserved for appellate review (see, People v Pellegrino, 60 NY2d 636). In any event, the court's explanation that the defendant faced a permissible sentencing range of between 10 and 25 years to life imprisonment as a persistent violent felony offender should he be convicted at trial on the instant class B violent felony robbery charge was correct (see, Penal Law § 70.08 [2], [3] [b]).

Moreover, following his guilty plea the defendant was properly adjudicated a persistent violent felony offender. The defendant was convicted in 1972 of a class C violent felony robbery and in 1983 of class B and C violent felony robberies. Although the two 1983 convictions can serve as only one predicate offense since both crimes were committed prior to the imposition of sentence on either, excluding jail time (see, People v Hearns, 147 AD2d 499), the defendant's 1983 convictions were rendered within 10 years of his 1972 conviction so that it was properly considered as a predicate. The instant conviction was obtained within 10 years of the 1983 robbery convictions so those convictions were also an appropriately-considered predicate of the persistent violent felony adjudication. Indeed, excluding the periods of the defendant's incarcerations (see, Penal Law § 70.04 [1] [b] [iv], [v]; People v Dozier, 78 NY2d 242), all three of these convictions occurred within a period of 10 nonexcludable years. Accordingly the defendant was properly adjudicated a persistent violent felony offender (see, People v Solomon, 156 AD2d 400; People v Herrar, 120 AD2d 614).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.