■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIDAL BARCLAY, Appellant. [608 NYS2d 315] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered April 15, 1992, convicting him of robbery in the first degree, assault in the second degree, and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed, vacating the persistent violent felony offender adjudication, and substituting therefor an adjudication that the defendant is a second violent felony offender; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

The trial court erred in adjudicating the defendant a persistent violent felony offender *(see,* Penal Law § 70.08). In *People v Morse* (62 NY2d 205, *appeal dismissed sub nom. Vega v New York,* 469 US 1186), the Court of Appeals determined that Penal Law § 70.08 (1) (b) must be interpreted as requiring that the second predicate felony offense must have been committed after the sentence was imposed on the first in order to constitute two or more predicate violent felonies for the purposes of adjudicating a defendant a persistent violent felony offender. Here, the defendant was sentenced for his first

violent felony offense after he committed his second violent felony offense. Thus, the defendant's prior convictions do not constitute two or more predicate convictions *(see, People v Corselli,* 128 AD2d 545, 546). Accordingly, the defendant should have been adjudicated a second violent felony offender, not a persistent violent felony offender.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.