■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE COOPER, Appellant. [667 NYS2d 62] —Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Suffolk County (Dounias, J.), rendered September 19, 1995, imposed upon his conviction of burglary in the second degree, upon his plea of guilty, the sentence being an indeterminate term of eight years to life imprisonment as a persistent violent felony offender.

Ordered that the sentence is reversed, on the law, the adjudication of the defendant as a persistent violent felony offender is vacated, and the matter is remitted to County Court, Suffolk County, for resentencing of the defendant in accordance herewith.

The defendant was sentenced as a persistent violent felony offender based upon two prior, violent felony convictions. However, the defendant committed the second of those violent felony offenses before he had been sentenced on the first. Therefore, he cannot be sentenced as a persistent violent felony offender based upon those two convictions alone (*People v Morse,* 62 NY2d 205, 218-219). Accordingly, his adjudication as a persistent violent felony offender must be vacated and the matter remitted to the County Court, Suffolk County, for resentencing.

We note that the defendant may be determined to be a persistent violent felony offender based upon, *inter alia,* a 1983 conviction which was not included in the original persistent violent felony offender statement (*see,* CPL 400.16 [2]). Therefore, the People may, if they be so advised, file a new persistent violent felony offender statement which includes that conviction (*see, People v Sanchez,* 131 AD2d 605, 606), affording the defendant an opportunity to challenge that conviction (*see,* CPL 400.15 [3]). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.