■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HARRISON, Appellant. [670 NYS2d 21] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), entered December 5, 1996, convicting defendant, after a jury trial, of robbery in the first degree and grand larceny in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life and 7½ to 15 years, respectively, unanimously affirmed.

Defendant's right to be present (*People v Antommarchi,* 80 NY2d 247) at a particular sidebar was not violated. Defendant issued an unqualified knowing and voluntary waiver of his right to be present during the sidebar questioning of prospective jurors, and defense counsel, in defendant's presence, represented that he had previously discussed this right with defendant and obtained a waiver thereof. The totality of the record, including counsel's statement at the time of the sidebar in question, and the logical inferences that may be drawn from the record, establish that the waiver encompassed this incident.

The trial court did not violate its suppression ruling prohibiting the victim from making an in-court identification when it allowed him to testify at trial as to his observations at the scene of the crime, including his description of the perpetrator (*see, People v Sanders,* 66 NY2d 906; *People v Myrick,* 66 NY2d 903). The witness gave his description to the police prior to the suggestive showup identification procedure, and thus the description itself was not tainted by those procedures. Since the People were entitled to elicit the description, they were concomitantly entitled to establish that the witness's opportunity to observe defendant was sufficient to enable the witness to give a description.

Defendant was properly adjudicated a persistent violent felony offender, since the requirement of sequentiality of sentences (*see, People v Morse*, 62 NY2d 205, 222-225) was satisfied. The fact that one of defendant's prior violent felony convictions resulted in a sentence of probation did not exempt him from treatment as a persistent violent felony offender, because the relevant statutes (Penal Law § 70.08 [1] [b]; *see also*, Penal Law § 70.04 [b] [iii]), unlike the statute governing discretionary persistent felony offender treatment (Penal Law § 70.10 [1] [b] [i]), contain no requirement of prior imprisonment (*see, People v Carr*, 244 AD2d 264). Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.