■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIELLE BARONE, Appellant. [991 NYS2d 366]—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Richmond County (Rooney, J.), imposed June 21, 2013, upon her plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of her right to appeal precludes review of her contention that the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Eng, P.J., Dillon, Lott, Sgroi and Maltese, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON BELTON, Appellant. [991 NYS2d 375]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 16, 2013, convicting him of attempted robbery in the second degree, upon his plea of guilty, and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of 15 years to life.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for resentencing in accordance herewith.

The parties agree on the chronology concerning the defendant's commission of, and sentencing for, the relevant crimes underlying his adjudication as a persistent violent felony offender. Based on this undisputed chronology, as the People correctly concede, the defendant was improperly adjudicated a persistent violent felony offender (*see People v Morse*, 62 NY2d 205 [1984]; *People v Rivera*, 97 AD3d 704, 704 [2012]; *People v Davis*, 43 AD3d 448, 449 [2007]; *People v Cooper*, 245 AD2d 569, 569 [1997]; *People v Barclay*, 201 AD2d 739, 739-740 [1994]). Accordingly, we modify the judgment by vacating the sentence imposed, and remit the matter to the County Court, Orange County, for resentencing. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.