People v Sierra (2018 NY Slip Op 07336)





People v Sierra


2018 NY Slip Op 07336


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-02154
 (Ind. No. 1761/14)

[*1]The People of the State of New York, respondent,
v
Roger Sierra, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered January 15, 2016, convicting him of assault in the second degree, upon his plea of guilty, and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of 13 years to life.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
As the People correctly concede, the defendant was improperly adjudicated a persistent violent felony offender based on the convictions enumerated in the People's statement pursuant to CPL 400.16, since the defendant committed the second predicate violent felony offense before he was sentenced for the first predicate violent felony offense (see Penal Law §§ 70.04[1][b][ii]; 70.08[1][a], [b]; People v Morse, 62 NY2d 205; People v Ritorto, 125 AD3d 896, 897; People v Cooper, 245 AD2d 569; People v Sykes, 110 AD2d 918, 918-919). Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing of the defendant.
In view of the foregoing, the defendant's remaining contention is academic.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court