People v Hill (2020 NY Slip Op 04575)





People v Hill


2020 NY Slip Op 04575


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2018-10497
2018-10498

[*1]The People of the State of New York, respondent,
v
Naquan Hill, appellant. (Ind. Nos. 190/17, 949/17)


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Barry Kron, J.), both rendered January 31, 2018, convicting him of burglary in the second degree under Indictment No. 190/17, and burglary in the second degree under Indictment No. 949/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matters are remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
As the People concede, the defendant was improperly adjudicated a persistent violent felony offender based on the convictions enumerated in the People's statement pursuant to CPL 400.16, since the defendant committed the second predicate violent felony offense before he was sentenced for the first predicate violent felony offense (see Penal Law §§ 70.04[1][b][ii]; 70.08[1][a], [b]; People v Morse, 62 NY2d 205; People v Sierra, 165 AD3d 1296, 1297; People v Ritorto, 125 AD3d 896, 897; People v Cooper, 245 AD2d 569; People v Sykes, 110 AD2d 918, 918-919). Accordingly, we vacate the sentences and remit the matters to the Supreme Court, Queens County, for resentencing of the defendant.
In light of our determination, we need not reach the defendant's remaining contention.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court