■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK FIELDS, Appellant. [617 NYS2d 583] —Casey, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered December 14, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

After waiving indictment, defendant entered a plea of guilty to the single charge of criminal possession of a weapon in the

third degree contained in a superior court information which alleged that at a certain time and place defendant possessed a firearm in violation of Penal Law § 265.02 (1). On appeal, defendant contends that the superior court information was jurisdictionally defective due to the absence of an allegation that the firearm was operable. A superior court information is subject to the same rules as an indictment (CPL 200.15). Using the language of the statute which defines the crime of criminal possession of a weapon in the third degree, the instrument at issue alleged where, when and what defendant did and, therefore, notified defendant of the crime of which he stood accused *(see, People v Iannone,* 45 NY2d 589, 598-599). We are of the view that defendant's objection is, at most, related to the sufficiency of the factual allegations, as opposed to a failure to allege every material element of the crime, and, therefore, the objection did not survive his guilty plea *(see, supra,* at 600-601).

Cardona, P. J., White and Peters, JJ., concur. Ordered that the judgment is affirmed.