OPINION OF THE COURT
Victor M. Ort, J.
The motion before this court calls into question the Legislature’s intent when it recently enacted chapter 652 of the Laws of 1996 in relation to escalating the penalty for driving while intoxicated to a class D felony. Having waived indictment, defendant is charged by superior court information with the crimes of operating a motor vehicle while under the influence of alcohol in violation of section 1192 (2) of the Vehicle and Traffic Law as a class D felony, aggravated unlicensed operation of a motor vehicle in the first degree, and various other traffic infractions. Defendant has moved to dismiss for facial insufficiency the first count of the superior court information, charging a violation of Vehicle and Traffic Law § 1192 (2) as a class D felony.
Effective November 1, 1996, Vehicle and Traffic Law § 1193 (1) (c) (ii) provides in relevant part that a person who operates a vehicle in violation of subdivision (2), (3) or (4) of section 1192 "after having been convicted of a violation of subdivision two, three or four of such section * * * twice within the preceding ten years, shall be guilty of a class D felony”. Vehicle and Traffic Law § 1192 (2) prohibits operating a motor vehicle while the person has .10 of 1% or more by weight of alcohol in his blood, subdivision (3) prohibits driving while in an intoxicated condition, irrespective of specific blood alcohol content, subdivision (4) prohibits driving while one’s ability is impaired by drugs.* The special information filed pursuant to CPL 200.60 and accompanying the superior court information herein alleges that defendant was previously convicted of violating Vehicle and Traffic Law § 1192 on December 20, 1994 and September 5, 1996. Defendant’s NYSIS sheet indicates and the parties agree that the said DWI convictions were both misdemeanors. Defendant has moved to dismiss the first count of the superior court information as defective, contending that the *101 newly enacted Vehicle and Traffic Law § 1193 (1) (c) (ii) requires that one of his two predicate DWI convictions must have been of a class E felony in order to elevate the present charge of operating a motor vehicle while under the influence of alcohol to a class D felony. For the reasons which follow, defendant’s motion to dismiss the first count of the superior court information must be denied.
Before proceeding to the merits of defendant’s motion, a comment on the procedural posture of the case is in order. CPL 210.20 (1) (a) provides that after arraignment upon an indictment, the court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that such indictment is defective within the meaning of CPL 210.25. CPL 200.15 provides that all procedures and provisions of law applicable to indictments are also applicable to superior court informations. Thus, pursuant to CPL 200.15, a defendant may move to dismiss a superior court information upon the ground that it is defective within the meaning of CPL 210.25, which section provides that an indictment is defective when it does not substantially conform to the requirements stated in article 200. Under CPL 200.50 (7), an indictment (or a superior court information) must contain a plain and concise factual statement in each count which, without allegations of an evidentiary nature, supports every element of the offense charged and the defendant’s commission thereof. A reading of the various procedural statutes together makes it clear to this court that a superior court information is subject to dismissal for facial insufficiency if it does not allege facts supporting every material element of the crime charged. (People v Fields, 208 AD2d 1050 [3d Dept 1994].)
Proceeding to the merits of defendant’s facial insufficiency claim, the court notes that the foundation stone for defendant’s argument is the claim that the subject statute is ambiguous. More specifically, defendant claims that it is unclear from a reading of the statute what the Legislature meant when it said "twice” convicted. That is, did the Legislature mean any two convictions or did that body intend, as defendant contends, that a second felony conviction is necessary before an intoxicated driver can be punished as a class D felon? Defendant goes on to contend that justification for the latter interpretation can be found in the New York State Senate Memorandum in support of the aforementioned chapter 652 of the Laws of 1996. That memorandum relating to the subject measure states: "Under the current law, a second DWI conviction is a *102 Class E Felony, as are all subsequent convictions. This bill would make second and subsequent DWI convictions a Class D Felony.” (Mem of NY Senate, in support of L 1996, ch 652, 1996 McKinney’s Session Laws of NY, at 2588.) Defendant posits that this language suggests that the Legislature intended to establish "an escalating statutory scheme”, and defendant must have been previously convicted of DWI as a class E felony to be guilty of DWI as a class D felony. Based upon the wording of the above-quoted memorandum and the over-all escalating statutory scheme, defendant goes on to argue that the Legislature could only have intended that defendants have the opportunity to rehabilitate themselves as class E felons before being subjected to class D felony punishment (a maximum of 2⅓ to 7 years’ indeterminate sentence and a minimum $2,000 fine).
Although these arguments have been eloquently advanced on defendant’s behalf, and while the court finds the quoted language of the Senate Memorandum inexact and far from clear, the arguments must be rejected. This is so because it is unnecessary to speculate as to the precise meaning of the legislative memorandum inasmuch as it is the court’s opinion that the statute itself is clear and unambiguous.
Manifestly, "[w]here words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76.) As stated recently by the Court of Appeals, "The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory 'language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words used’ * * * Equally settled is the principle that courts are not to legislate under the guise of interpretation” (People v Finnegan, 85 NY2d 53, 58 [1995]). This court finds the language "after having been convicted of a violation of subdivision two, three or four of such section * * * twice within the preceding ten years” (Vehicle and Traffic Law § 1193 [1] [c] [ii]) to be clear and unambiguous. In this regard, the court notes that under CPL 1.20 (13) "[c]onviction” means "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint”. Under CPL 1.20 (1) "[a]ccusatory instrument” is defined as including an indictment, an information, and a misdemeanor complaint. Thus, the definitions of the Criminal Procedure Law make clear that the term "conviction” includes a conviction of a misdemeanor.
*103 Because the statute is clear and. unambiguous on its face, there is no basis to resort to legislative history. Rather, the statute is to be interpreted according to its plain meaning. The plain meaning of the provision is that any two convictions of Vehicle and Traffic Law § 1192 (2), (3) or (4) within the preceding 10 years, including misdemeanor convictions, are sufficient to elevate the third offense to a class D felony.
Moreover, the court finds evidence of the legislative intent not only from the plain meaning of the terms themselves but also from the structure of the statute itself. The court notes initially that Vehicle and Traffic Law § 1193 (1) (c) (ii) provides that prior DWI convictions as well as felony convictions for vehicular assault or vehicular manslaughter may be used as predicate convictions to elevate driving while intoxicated to a class D felony offense. Thus, it is clear that the Legislature deemed prior misdemeanor DWI convictions to be as serious as the felony offenses of vehicular assault and vehicular manslaughter for purposes of enhanced DWI punishment. Indeed, the drafters of the statute listed prior DWI convictions as the first type of crime in the series of offenses which could constitute predicates for prosecution of DWI as a class D felony. Consequently, it is clear to the court that the Legislature’s intent in enacting this law was to punish more severely those people who persistently drive while intoxicated regardless of whether their prior offenses resulted in misdemeanor or felony convictions. This conclusion is further buttressed by the fact that Vehicle and Traffic Law § 1193 (2) (also created by L 1996, ch 652) provides that a person who violates Vehicle and Traffic Law § 1192 (6) — prohibiting the operation of a commercial vehicle by a person with more than .07 of 1% by weight of alcohol in his blood — after having been convicted three or more times of a violation of subdivision (1), (2), (3), (4) or (6) of section 1192 within the preceding five years shall be subject to similar enhanced punishment. It should be noted that a violation of subdivision (1) of Vehicle and Traffic Law § 1192, driving while ability is impaired, is only a traffic infraction. The fact that the Legislature provided for enhanced punishment under Vehicle and Traffic Law § 1193 (2) where a defendant may have been convicted of three prior traffic infractions further confirms the court’s conclusion that the Legislature specifically intended for two prior misdemeanor DWI convictions to serve as a valid basis for class D felony treatment under Vehicle and Traffic Law § 1193 (1) (c) (ii). Thus, the entire structure of Vehicle and Traffic Law § 1193 conclusively evinces to this court that the *104 intent of the statute is clear, unambiguous and in no further need of judicial interpretation.
Since the superior court information in the case at bar alleges that defendant has . been convicted of violating Vehicle and Traffic Law § 1192 (2) twice within the preceding 10 years, it is facially sufficient and complies with the requirements of CPL 200.50 (7). Accordingly, defendant’s motion to dismiss the first count of the superior court information for facial insufficiency is denied.

 Vehicle and Traffic Law § 1193 (1) (c) (i) provides that a person who operates a motor vehicle in violation of subdivision (2), (3) or (4) of section 1192 "after having been convicted of a violation of subdivision two, three or four of such section * * * within the preceding ten years, shall be guilty of a class E felony”. Thus, prior to November 1, 1996 a defendant could be liable for no more than a class E felony regardless of how many previous DWI convictions he had incurred.