OPINION OF THE COURT
Victor M. Ort, J.
In People v Homero (172 Misc 2d 99) this court held that two prior misdemeanor convictions for driving while intoxicated (DWI) were sufficient to constitute a lawful predicate for a charge of driving while intoxicated as a class D felony. The motion before this court once again calls into question the Legislature’s intent when it recently enacted chapter 652 of the Laws of 1996 in relation to escalating the penalty for driving while intoxicated to a class D felony. Having waived indictment, defendant is charged by superior court information with the crime of operating a motor vehicle while under the influence of alcohol on February 19, 1997 in violation of section 1192 (2) of the Vehicle and Traffic Law as a class D felony. Defendant has moved to dismiss the superior court information for facial insufficiency. Specifically, defendant maintains that because he pleaded guilty and was sentenced on the same date for the two prior DWI convictions he cannot be properly charged as a class D felon.
Effective November 1, 1996, Vehicle and Traffic Law § 1193 (1) (c) (ii) provides in relevant part that a person who operates a vehicle in violation of subdivision (2), (3) or (4) of section 1192 "after having been convicted of a violation of subdivision two, three or four of such section * * * twice within the preceding ten years, shall be guilty of a class D felony”. Vehicle and Traffic Law § 1192 (2) prohibits operating a motor vehicle while the person has .10 of 1% or more by weight of alcohol in his *614 blood, subdivision (3) prohibits driving while in an intoxicated condition, irrespective of specific blood alcohol content, subdivision (4) prohibits driving while one’s ability is impaired by drugs.[1] The special information filed pursuant to CPL 200.60 and accompanying the superior court information herein alleges that on or about December 9, 1991, defendant was convicted, upon his plea of guilty, of a violation of Vehicle and Traffic Law § 1192 (2) and upon which conviction he was sentenced on February 28, 1992 to imprisonment for 45 days and a fine of $350. The special information further alleges that on or about December 9, 1991 defendant was convicted, upon his plea of guilty, of a violation of Vehicle and Traffic Law § 1192 (2) and upon which conviction he was sentenced on February 28, 1992 to imprisonment for 45 days and a fine of $350. The sentences were to be served concurrently. These offenses were committed on July 18, 1991 and October 9, 1991 respectively.
Defendant has moved to dismiss the superior court information as defective, contending that the newly enacted Vehicle and Traffic Law § 1193 (1) (c) (ii) requires that the pleas were entered and that sentence upon the two predicate DWI convictions must have been imposed at different times to elevate the present charge of operating a motor vehicle while under the influence of alcohol to a class D felony. For the reasons which follow, defendant’s motion to dismiss the superior court information must be denied.
Before proceeding to the merits of defendant’s motion, a comment on the procedural posture of the case is in order. CPL 210.20 (1) (a) provides that after arraignment upon an indictment, the court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that such indictment is defective within the meaning of CPL 210.25. CPL 200.15 provides that all procedures and provisions of law applicable to indictments are also applicable to superior court informations. Thus, pursuant to CPL 200.15, a defendant may move to dismiss a superior court information upon the ground that it is defective within the meaning of CPL 210.25 *615 which section provides that an indictment is defective when it does not substantially conform to the requirements stated in article 200. Under CPL 200.50 (7), an indictment (or a superior court information) must contain a plain and concise factual statement in each count which, without allegations of an evidentiary nature, supports every element of the offense charged and the defendant’s commission thereof. A reading of the various procedural statutes together makes it clear to this court that a superior court information is subject to dismissal for facial insufficiency if it does not allege facts supporting every material element of the crime charged. (People v Fields, 208 AD2d 1050 [3d Dept 1994].)
Defendant contends that the superior court information is facially insufficient because two pleas taken and two sentences imposed at the same time count as only one prior DWI conviction. In support of his contention, defendant relies upon (1) the rule of lenity, (2) the definition of "persistent felony offender” under Penal Law § 70.10 (1) (c), and the definition of "second violent felony offender” under Penal Law § 70.04, and (3) the prohibition against ex post facto laws. The court finds the arguments unavailing.
According to the rule of lenity, " 'the substantive power to prescribe the punishment for a criminal offense is exclusively legislative * * * and, if two constructions of a criminal statute are plausible, the one more favorable to the defendant should be adopted’ ”. (People v Green, 68 NY2d 151, 153 [1986].) However, " 'the core question always remains that of legislative intent’ ”. (Supra.) "Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76.) As stated recently by the Court of Appeals, "The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory 'language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words’ used * * * Equally settled is the principle that courts are not to legislate under the guise of interpretation”. (People v Finnegan, 85 NY2d 53, 58 [1995].) This court finds the language "after having been convicted of a violation of subdivision two, three or four of such section * * * twice within the preceding ten years” to be clear and unambiguous. (See also, People v Homero, 172 Misc 2d 99, supra.) In this regard, the court notes that under CPL 1.20 (13) "conviction” means "the *616 entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint”. Under CPL 1.20 (1) "accusatory instrument” is defined as including an indictment, an information, a simplified information, and a misdemeanor complaint. Thus, defendant was convicted of DWI twice upon his pleas of guilty on December 9, 1991 regardless of the fact that the pleas were entered and sentence was imposed on both convictions on the same date.
The legislative materials which were submitted to the court also support this conclusion. Assemblyman Joseph R Lentol in writing to Governor Pataki on September 27, 1996, prior to the bill’s enactment, states, "The bill is intended to punish those who commit three separate DWI offenses.” (Bill Jacket, L 1996, ch 652; emphasis in original.) By driving while intoxicated on July 18, 1991, October 9, 1991, and February 19, 1997, defendant clearly committed three separate offenses and must be held to fall into that category.
This conclusion is further supported by People v McCright (107 AD2d 766 [2d Dept 1985]). In McCright, defendant was charged with DWI as a class E felony based upon one prior DWI conviction. The Court held that the fact that judgment had not yet been entered upon the prior plea at the time defendant was being sentenced for the present conviction had no effect upon his liability for DWI as a felony offense. (Supra, at 767.) A "judgment” is comprised of a conviction and the sentence imposed thereon. (CPL 1.20 [15].) Thus, under Mc-Cright defendant was guilty of DWI as a class E felony even though he had not yet been sentenced for his prior DWI conviction. Since defendant herein need not have been sentenced at all upon his prior DWI convictions, the court holds that he is liable for a class D felony even though his prior sentences happened to be imposed on the same date.
Next, Mr. Maldonado argues that the definition of "persistent felony offender” under Penal Law § 70.10 (1) (c) requires a different result. Penal Law § 70.10 (1) (c) provides, "For the purpose of determining whether a person has two or more previous felony convictions, two or more convictions of crimes that were committed prior to the time the defendant was imprisoned under sentence for any of such convictions shall be deemed to be only one conviction.”[2] Thus, under Penal Law §§ 70.04, 70.06, 70.08 and 70.10, the court is required to impose *617 enhanced State prison sentences whose severity depends upon the defendant’s status as a second felony offender, second violent felony offender, persistent felony offender, or persistent violent felony offender. So, for example, where a defendant is convicted of a class D violent felony offense and is a persistent violent felony offender, the court must impose a mandatory sentence of at least 12 years to life imprisonment. (Penal Law § 70.08 [3] [c].) In each case, the principle of "sequentiality” requires that sentence must have been imposed on the prior conviction before commission of the next felony in order for the prior conviction to effect defendant’s status. (See, e.g., Penal Law § 70.04 [1] [b] [ii]; see also, People v Morse, 62 NY2d 205, 213 [1984], supra.) However, this principle of sequentiality of prior convictions is but a factor in the statutory scheme to provide enhanced punishment for recidivists. (See, People v Morse, 62 NY2d 205, 222-225 [1984].) Unfortunately for the defendant, there is no basis for the court, in the guise of interpretation, to incorporate this sentencing statute into a Vehicle and Traffic Law provision defining a substantive offense.
Defendants who stand convicted of Vehicle and Traffic Law offenses are not subject to these enhanced sentencing provisions, although DWI felony convictions can be used as predicates for the enhancement of sentences on Penal Law convictions. (See, e.g., Penal Law § 70.06 [1] [a], which limits second felony offender status to individuals who stand convicted of a "felony defined in this chapter,” i.e., Penal Law violators; see also, People v Shannon, 89 NY2d 1000 [1997].) This principle of sequentiality is a limitation on the mandatory enhanced sentencing provisions of the Penal Law. It would be anomalous to incorporate the principle of sequentiality into the Vehicle and Traffic Law when the mandatory sentencing provisions of the Penal Law do not apply to Vehicle and Traffic Law violations in the first place. Thus, for example, the court is not required to impose jail time upon a defendant convicted of DWI as a class D felony regardless of the number of prior DWI convictions sustained by the defendant. Since the principle of sequentiality does not apply to the present Vehicle and Traffic Law charge, the court holds that defendant may be liable for DWI as a class D felony even though sentence was imposed on both prior DWI convictions on the same date.
*618 Finally, this construction of the statute does not violate the restriction against ex post facto laws contained in article I, §10 of the United States Constitution. Critical to relief under the Ex Post Facto Clause is " 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.’ ” (People v Morse, 62 NY2d 205, 217 [1984], supra) In Morse, the Court of Appeals held that the provisions of Penal Law §§ 70.04 and 70.08 for mandatory enhanced prison sentences for violent felony offenders did not violate the restriction against ex post facto laws. The Court held that the enhanced sentencing provision did not violate the Ex Post Facto Clause even where the prior conviction was not classified as a violent felony offense at the time it was sustained by the defendant. The Court reasoned that sentence as a multiple offender " 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one’ ”. (Supra, at 217-218.) Similarly, elevating DWI to a class D felony based on two prior DWI convictions is not imposing an additional penalty upon the earlier DWI convictions. Rather it is merely stiffening the penalties for the latest DWI offense based upon the defendant’s repetitive conduct. Consequently, this court holds that Vehicle and Traffic Law § 1193 (1) (c) (ii) does not violate the provision against ex post facto laws.
Since the superior court information in the case at bar alleges that defendant has been convicted of violating Vehicle and Traffic Law § 1192 (2) twice within the preceding 10 years, it is facially sufficient and complies with the requirements of CPL 200.50 (7). Accordingly, defendant’s motion to dismiss the superior court information for facial insufficiency is denied.

. Vehicle and Traffic Law § 1193 (1) (c) (i) provides that a person who operates a motor vehicle in violation of subdivision (2), (3) or (4) of section 1192 after having been convicted of a violation of subdivision (2), (3) or (4) of such section within the preceding 10 years shall be guilty of a class E felony. Thus, prior to November 1, 1996 a defendant could be liable for no more than a class E felony regardless of how many previous DWI convictions he had incurred.

. By contrast, Penal Law § 70.04 (1) (b) (ii) provides that "Sentence upon such prior conviction must have been imposed before commission of the pres *617 ent felony”, seeming to leave open the possibility that the imposition of two prior violent felony sentences on the same date would qualify the defendant as a persistent violent felon. However, in People v Morse (62 NY2d 205 [1984]), the Court of Appeals held that the second violent felony offense must be committed after defendant was sentenced for the first violent felony offense.