■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. MCDONALD, Appellant. [743 NYS2d 892] —Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 17, 2000, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant operated a motor vehicle in an intoxicated condition in Albany County and was charged in a superior court information (hereinafter SCI) with the crime of driving while intoxicated (hereinafter DWI) as a felony. The SCI was accompanied by a special information and two statements of prior conviction charging that defendant had twice been convicted of DWI in Warren County within the preceding 10 years. Defendant pleaded guilty as charged in the SCI, received a specific sentence commitment and waived his right to appeal. In accordance with the plea agreement, he was sentenced to a prison term of 1 to 3 years to run consecutive to a prison term of 1½ to 4½ years imposed in connection with yet a third DWI conviction in Warren County. Defendant appeals.

Although defendant asserts that the SCI was legally insufficient to charge him with the crime of DWI as a felony because the supporting special information was factually inadequate for failure to specify his date of birth, he failed to object to the SCI before County Court and has not preserved this claim for appellate review (*see, People v Torres*, 96 AD2d 604, 605). In any event, defendant's knowing, voluntary and intelligent plea of guilty would preclude us from reviewing the sufficiency of the factual allegations contained in the SCI (*see, People v Price*, 234 AD2d 978, 978-979, *lv denied* 90 NY2d 862; *People v Fields*, 208 AD2d 1050, 1050, *lv denied* 84 NY2d 735; *People v Dezimm*, 193 AD2d 976, 976).

In view of defendant's explicit waiver of his right to appeal the agreed-upon sentence, we will not consider his contention that it is harsh and excessive (*see, People v Allen*, 82 NY2d 761, 762; *People v Deemer*, 261 AD2d 722). We have reviewed defendant's remaining claim and found it to be unavailing.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.