■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. GIBSON, Appellant. [799 NYS2d 340]—

Kane, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered June 11, 2003, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant was indicted for driving while intoxicated (hereinafter DWI) and aggravated unlicensed operation of a motor vehicle in the first degree. At arraignment, the People filed a special information pursuant to CPL 200.60 alleging that defendant had been convicted of DWI on two prior occasions, in 1994 and 1997. The caption of the special information correctly named defendant, however, the name of a person other than defendant erroneously appeared in the body of the special information. Subsequently, defendant pleaded guilty to the indictment and waived his right to appeal. He specifically admitted that he operated a motor vehicle on a public highway while intoxicated and without a license. He further admitted that he was convicted of the two previous DWI offenses listed in the special information. At sentencing, County Court imposed a lesser sentence than that initially promised.

Although defendant asserts that the special information was defective, he failed to object to it and, therefore, has not preserved this claim for appellate review (*see People v McDonald*, 295 AD2d 756, 757 [2002], *lv denied* 98 NY2d 711 [2002]). In any event, defendant's knowing, voluntary and intelligent plea of guilty and waiver of his right to appeal would preclude us from reviewing the sufficiency of the factual allegations contained in the special information (*see id.* at 757; *People v Fields*, 208 AD2d 1050, 1051 [1994], *lv denied* 84 NY2d 935 [1994]). To the extent that defendant's challenge regarding the effectiveness of his counsel impacts upon the voluntariness of his plea, it is not precluded by his waiver of appeal; however, it is unpreserved for our review based on his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]). Nevertheless, considering defendant's assertion on the record that he was satisfied with his attorney and the favorable plea for a period of incarceration less than the potential maximum or even that promised in the original plea agreement, we find no merit to this contention.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.