[877 NYS2d 771]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. BALLMAN, Appellant.

Fourth Department, April 24, 2009

**APPEARANCES OF COUNSEL**

*Daniel J. Ballman*, pro se, and *Shirley A. Gorman*, Albion, for appellant.

*R. Michael Tantillo, District Attorney*, Canandaigua (*Nicholas J. Evanovich* and *Kirk S. Hazen* of counsel), for respondent.

**OPINION OF THE COURT**

PINE, J.

I

In this appeal from a judgment convicting him following a plea of guilty of felony driving while intoxicated (DWI) (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]), defendant raises, inter alia, an issue of first impression in contending that his 1999 out-of-state conviction was improperly used to

elevate his DWI offense from a misdemeanor to a felony. For the reasons that follow, we agree.

## II

■ Specifically, defendant contends that out-of-state convictions occurring before November 1, 2006 cannot be used as predicate offenses to elevate DWI charges from misdemeanors to felonies. Thus, he contends that the facts alleged in the indictment, as amplified by the prosecutor's special information (*see* CPL 200.60 [2]), fail to charge him with the crime of felony DWI. We note at the outset that, because defendant is challenging the facial sufficiency of the accusatory instrument, that challenge is not forfeited by his plea of guilty (*see generally People v Lucas*, 11 NY3d 218, 220 [2008]; *People v Taylor*, 65 NY2d 1, 5 [1985]).

## III

In 2006 the Legislature amended Vehicle and Traffic Law § 1192 (8) to permit the use of out-of-state convictions to elevate New York DWI offenses to felonies. That statute provides:

> "Effect of prior out-of-state conviction. A prior out-of-state conviction for operating a motor vehicle while under the influence of alcohol or drugs shall be deemed to be a prior conviction of a violation of this section for purposes of determining penalties imposed under this section or for purposes of any administrative action required to be taken pursuant to [section 1193 (2)] of this article; provided, however, that such conduct, had it occurred in this state, would have constituted a misdemeanor or felony violation of any of the provisions of this section. Provided, however, that if such conduct, had it occurred in this state, would have constituted a violation of any provisions of this section which are not misdemeanor or felony offenses, then such conduct shall be deemed to be a prior conviction of a violation of [section 1192 (1)] . . . ."

The amendments to section 1192 (8) took effect on November 1, 2006 (L 2006, ch 231, § 3), and the enabling language of the Act to amend that portion of the Vehicle and Traffic Law provided, in relevant part:

> "The provisions of [section 1192 (8)], as it existed

prior to the amendment made by section one of this act, shall apply only to convictions occurring on or after November 29, 1985 through and including October 31, 2006 and provided, further, that the provisions of [section 1192 (8)] as amended by section one of this act shall apply only to convictions occurring on or after November 1, 2006" (L 2006, ch 231, § 2).

Defendant contends that the "convictions" to which section 2 of chapter 231 refers are out-of-state convictions and thus contends that the People may not use his 1999 out-of-state conviction to elevate his New York DWI charge to a felony. The People, on the other hand, contend that section 2 "should be read as referring to a defendant's now *subsequent* NY-DWI conviction." We agree with the People and defendant that section 2 of chapter 231 is ambiguous and, therefore, we look to the legislative history to determine the "convictions" to which the section refers (*see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 125).

Before 1985 the Vehicle and Traffic Law contained no provisions concerning out-of-state convictions for operating a motor vehicle while under the influence of alcohol or drugs. In that year, the Legislature enacted section 1192 (7), which provided that a prior out-of-state conviction for operating a motor vehicle while under the influence of alcohol or drugs would be deemed to be a prior conviction of driving while ability impaired for purposes of, inter alia, determining penalties to be imposed, provided that such conduct, had it occurred in New York, would constitute a violation of any of the provisions of section 1192 (*see* L 1985, ch 694). Section 2 of chapter 694 provided that it would take effect on the 120th day "next succeeding the date on which it shall have become a law *and shall apply to out-of-state convictions occurring on or after such date*" (L 1985, ch 694, § 2 [emphasis added]; *see* Mem in Support, Bill Jacket, L 1985, ch 694, at 5-6; Mem of Commr of Dept of Motor Vehicles, Bill Jacket, L 1985, ch 694, at 15). The 120th day next succeeding the date on which it became a law was November 29, 1985.

In 1988 the Legislature recodified all provisions relating to alcohol and drug-related driving offenses to consolidate them into one article (*see* Sponsor's Mem, Bill Jacket, L 1988, ch 47, at 7). Vehicle and Traffic Law § 1192 (7) became section 1192 (6), and it remained virtually unchanged with one excep-

tion. The date restriction previously included in the 1985 Act, chapter 694, was added to the language of the statute and was changed to read that "[t]his subdivision shall only apply to convictions occurring on or after November [29, 1985]." The words "out-of-state" were removed and the date of November 29, 1985 was substituted for the "120th day" language. In 1990 section 1192 (6) became section 1192 (8) (*see* L 1990, ch 173, § 62), and remained unchanged until the 2006 amendment.

■ As noted above, when Vehicle and Traffic Law § 1192 (8) was amended in 2006, it removed the date restrictions from the statute itself and instead placed them in section 2 of the Act, which provided that the amendments would apply only to "convictions occurring on or after November 1, 2006." As with the 1988 recodification, the words "out-of-state" do not precede the word "convictions" when discussing the convictions to which the amendments will apply. Based on the legislative history of Vehicle and Traffic Law § 1192 (8), we conclude that the convictions to which that section refers are in fact the predicate, out-of-state convictions, and that such out-of-state convictions occurring before November 1, 2006 may not be used to elevate a misdemeanor DWI offense committed in New York to a felony. Thus, we agree with defendant that his 1999 out-of-state conviction cannot be used to elevate his New York misdemeanor to a felony.

## IV

■ We next address defendant's remaining contentions. Although defendant contends in his pro se supplemental brief that County Court abused its discretion in prohibiting him from driving as a condition of bail, "[t]he challenge by defendant to the court's bail order is not properly before us inasmuch as no appeal lies from a court's securing order" (*People v MacLean*, 48 AD3d 1215, 1217 [2008], *lv denied* 10 NY3d 866 [2008], *reconsideration denied* 11 NY3d 790 [2008]). In any event, the judgment of conviction renders the contention moot (*see People v Tatis-Duran*, 300 AD2d 84 [2002]).

■ We reject the further contention of defendant in his main brief that he was arrested without probable cause and thus that all evidence obtained after his arrest should have been suppressed. The record of the suppression hearing establishes that defendant voluntarily drove to the police station at 3:00 A.M. to pick up another person who had been charged with DWI. By

way of a security camera, a police officer observed defendant park his vehicle in a restricted parking space. Once defendant entered the police station, the officer detected a strong odor of an alcoholic beverage and noticed that defendant had watery eyes and that his speech was slurred. When asked if he had been drinking, defendant admitted that he had consumed "a lot of beers." The officer then informed defendant that he was under investigation for DWI and placed him in an unlocked conference room while the officer, who was alone at the police station, called for assistance. During that time, defendant left the conference room and ran out of the police station. The officer pursued defendant and "yelled to" him to stop running. The officer then caught defendant, handcuffed him, and transported him in a police cruiser back to the station. The handcuffs were removed, and defendant failed several field sobriety tests that he was asked to perform. Defendant at that point was placed under arrest for DWI.

We conclude that, up until the point that defendant failed the field sobriety tests, he was in custody pursuant to an investigatory detention. The officer's "observation of defendant's physical condition justified detaining [defendant] for the limited purpose of investigating whether he was operating his motor vehicle while under the influence of alcohol" (*People v Hasenflue*, 252 AD2d 829, 830 [1998], *lv denied* 92 NY2d 982 [1998]) and, contrary to defendant's contention, the pursuit and forcible detention of defendant did not constitute a de facto arrest (*see e.g. People v McCoy*, 46 AD3d 1348, 1348-1349 [2007], *lv denied* 10 NY3d 813 [2008]; *People v Galloway*, 40 AD3d 240 [2007], *lv denied* 9 NY3d 844 [2007]). "[T]he police diligently pursued a minimally intrusive means of investigation likely to confirm or dispel suspicion quickly, during which time it was necessary to detain the defendant" (*People v Hicks*, 68 NY2d 234, 242 [1986]; *see People v Owens*, 39 AD3d 1260, 1261 [2007], *lv denied* 9 NY3d 849 [2007]).

In view of our determination concerning Vehicle and Traffic Law § 1192 (8), we need not address defendant's remaining contentions.

Accordingly, we conclude that the judgment should be reversed, defendant's plea of guilty vacated, count one of the indictment dismissed without prejudice to the People to re-present any appropriate charges under that count to another grand jury, count two of the indictment reinstated, and the matter remitted to County Court for further proceedings on count two of the indictment.

MARTOCHE, J.P., SMITH, CENTRA and FAHEY, JJ., concur.

It is hereby ordered that the judgment so appealed from is unanimously reversed, on the law, the plea is vacated, count one of the indictment is dismissed without prejudice to the People to re-present any appropriate charges under that count to another grand jury, count two of the indictment is reinstated, and the matter is remitted to Ontario County Court for further proceedings on count two of the indictment.