[930 NE2d 282, 904 NYS2d 361]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent,
v DANIEL J. BALLMAN, Respondent-Appellant.

Argued April 29, 2010; decided June 10, 2010

**POINTS OF COUNSEL**

*R. Michael Tantillo, District Attorney,* Canandaigua (*Catherine A. Walsh* of counsel), for appellant-respondent. I. Proper statutory interpretation of Vehicle and Traffic Law § 1192 (8) requires that all prior out-of-state convictions be treated equally with prior New York convictions and, therefore, the word "convictions" in the enabling language of the bill enacting section 1192 (8) refers to the current New York State driving while intoxicated conviction, not future "out-of-state" convictions. (*People v Litto,* 8 NY3d 692; *Matter of Kenneth J.,* 102 Misc 2d 415; *Matter of Davies,* 242 NY 196; *Matter of Silson v New York State Employees' Retirement Sys.,* 208 Misc 59, 286 App Div 936; *Matter of Winters,* 277 App Div 24, 301 NY 680, 302 NY 666, 845; *United States v Salerno,* 481 US 739; *Becker Steel Co. of America v Cummings,* 296 US 74; *LaValle v Hayden,* 98 NY2d 155; *People v Mertz,* 68 NY2d 136.) II. The underlying out-of-state Georgia conviction qualifies as a crime under Vehicle and Traffic Law § 1192 (2) and therefore qualifies as a prior conviction under Vehicle and Traffic Law § 1192 (8). (*People v Taylor,* 65 NY2d 1; *People v Atkins,* 85 NY2d 1007; *People v Turner,* 234 AD2d 704; *People v Casimiro,* 308 AD2d 456; *People v Mertz,* 68 NY2d 136; *People v Miller,* 199 AD2d 692, 82 NY2d 928.) III. The Appellate Division correctly concluded that defendant was properly detained for investigatory purposes after the police officer had (1) observed defendant park his vehicle in a restricted parking spot, (2) detected a strong odor of alcoholic beverage on defendant, and (3) observed defendant to have watery eyes and slurred speech. (*People v Hasenflue,* 252 AD2d 829, 92 NY2d

982; *People v Yukl*, 25 NY2d 585; *People v Hicks*, 68 NY2d 234; *People v Parris*, 26 AD3d 393; *People v Myers*, 1 AD3d 382.)

*Shirley A. Gorman*, Brockport, for respondent-appellant. I. The 2006 amendment to Vehicle and Traffic Law § 1192 (8), changing the way out-of-state convictions are treated, does not apply to an out-of-state conviction which occurred before that amendment took effect. (*People v Litto*, 8 NY3d 692; *People v Morse*, 62 NY2d 205; *People v Mertz*, 68 NY2d 136.) II. Even if the amendment to Vehicle and Traffic Law § 1192 (8) applied, the conduct underlying the conviction in Georgia would not constitute a misdemeanor under our law. (*People v Alvarez*, 70 NY2d 375; *People v Mertz*, 68 NY2d 136; *People v Lucas*, 11 NY3d 218; *People v Taylor*, 65 NY2d 1; *People v Baumann & Sons Buses, Inc.*, 6 NY3d 404; *People v Iannone*, 45 NY2d 589.) III. The police did not have probable cause to arrest Mr. Ballman until after conducting field sobriety tests so all evidence obtained after he was forcibly returned to the police station for those tests should be suppressed. (*People v Hicks*, 68 NY2d 234; *People v Chestnut*, 51 NY2d 14; *People v Yukl*, 25 NY2d 585; *Florida v Royer*, 460 US 491; *Dunaway v New York*, 442 US 200; *Wong Sun v United States*, 371 US 471; *People v Howard*, 50 NY2d 583; *People v Bryan*, 190 Misc 2d 818; *People v Tillman*, 184 Misc 2d 20; *People v Offen*, 96 Misc 2d 147.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

This appeal raises the issue whether Vehicle and Traffic Law § 1192 (8) allows an out-of-state conviction occurring prior to November 1, 2006 to be considered for purposes of elevating a charge of driving while intoxicated from a misdemeanor to a felony. We hold that it does not.

Defendant was indicted for driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]) and for obstructing governmental administration in the second degree (Penal Law § 195.05) for acts committed on February 22, 2007. As the basis for elevating defendant's driving while intoxicated charge to a felony, the People filed a special information charging that defendant had a 1999 conviction for driving with an unlawful alcohol concentration in the state of Georgia (Ga Code Ann § 40-6-391), which would have been a violation of Vehicle and Traffic Law § 1192 (2) had it occurred in New York.

Defendant moved to dismiss the indictment raising several arguments, including that the date of the Georgia conviction

rendered it ineligible to serve as a predicate for elevating the charge to driving while intoxicated as a felony. County Court denied the motion, finding that the legislative intent behind Vehicle and Traffic Law § 1192 (8) was to treat prior out-of-state convictions as if they were prior convictions for the same actions occurring in New York State. The same court denied defendant's motion to suppress the evidence against him and defendant ultimately pleaded guilty to driving while intoxicated as a felony in full satisfaction of the indictment.

The Appellate Division reversed, vacated the plea, dismissed the first count of the indictment for felony driving while intoxicated without prejudice to the People to re-present appropriate charges, reinstated the second count of the indictment for obstructing governmental administration and remitted to County Court for further proceedings on that second count (64 AD3d 9 [4th Dept 2009]). The Court determined that, based on the language of the 2006 amendment to Vehicle and Traffic Law § 1192 (8) and its enabling language, convictions occurring prior to the November 1, 2006 effective date of the statute, including defendant's 1999 Georgia conviction, could not be used to raise a driving while intoxicated (DWI) offense from a misdemeanor to a felony. The Court, however, upheld County Court's suppression ruling. A Judge of this Court granted both parties leave to appeal (12 NY3d 922 [2009]). We now affirm.

At issue here is the interpretation of Vehicle and Traffic Law § 1192 (8), as amended in 2006. The statute reads as follows:

> "A prior out-of-state conviction for operating a motor vehicle while under the influence of alcohol or drugs shall be deemed to be a prior conviction of a violation of this section for purposes of determining penalties imposed under this section . . . provided, however, that such conduct, had it occurred in this state, would have constituted a misdemeanor or felony violation of any of the provisions of this section" (Vehicle and Traffic Law § 1192 [8]).

The subdivision further provides that, if the out-of-state conduct would have been a violation of section 1192 had it occurred in-state, but would not have constituted a misdemeanor or a felony, the conduct will be deemed a prior conviction of driving while ability impaired for purposes of determining the appropriate penalties (see Vehicle and Traffic Law § 1192 [8]).

The enabling language accompanying the amendment specifies that

"[t]he provisions of [Vehicle and Traffic Law § 1192 (8)], as it existed prior to the amendment made by . . . this act, shall apply only to convictions occurring on or after November 29, 1985 through and including October 31, 2006 and provided, further, that the provisions of [Vehicle and Traffic Law § 1192 (8)] as amended by . . . this act shall apply only to convictions occurring on or after November 1, 2006" (L 2006, ch 231, § 2).

The amendment took effect on November 1, 2006 (L 2006, ch 231, § 3).

The dispute centers on the meaning of the term "convictions" in the enabling language—whether it applies to domestic or prior out-of-state convictions. "When presented with a question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature" (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006] [internal quotation marks and citation omitted]). Although the text itself is generally the best evidence of legislative intent, where "the language is ambiguous, we may examine the statute's legislative history" (*Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270, 286 [2009]). Here, the enabling language presents such an ambiguity.

In order to best understand the 2006 amendments, it is helpful to trace the evolution of this subdivision. The initial version of this provision, Vehicle and Traffic Law § 1192 (7), was enacted in 1985 to allow prior out-of-state convictions for driving under the influence of drugs or alcohol to be considered when determining appropriate penalties for subsequent New York offenses (L 1985, ch 694, § 1). Until that time, prior out-of-state convictions had not been considered for penalty purposes (*see* Senate Mem in Support, Bill Jacket, L 1985, ch 694). Under section 1192 (7), all such prior out-of-state convictions were treated as traffic infractions, rather than misdemeanors or felonies, regardless of the level of the crime in the other state or the degree of any equivalent violation in New York (L 1985, ch 694, § 1). The enabling language of the legislation provided that the "act shall take effect on the one hundred twentieth day next succeeding the date on which it shall have become a law and shall apply to out-of-state convictions occurring on or after such date" (L 1985, ch 694, § 2). Since the statute was enacted August 1, 1985, its effective date was therefore November 29, 1985.

When this provision was renumbered from subdivision (7) to Vehicle and Traffic Law § 1192 (6) in 1988, the statutory language remained largely the same. However, the bulk of the enabling language was incorporated into the body of the statute—providing that the subdivision would only be applicable to convictions occurring on or after November 29, 1985 (L 1988, ch 47, § 18). The primary difference in the statutory language was the omission of the term "out-of-state." The subdivision was again renumbered to Vehicle and Traffic Law § 1192 (8) (L 1990, ch 173, § 62), where it appears today.

As noted above, the 2006 amendments ended the practice of treating all prior out-of-state convictions as mere traffic infractions under New York law. Rather, for purposes of determining penalties, a prior out-of-state conviction is now treated as a conviction of the equivalent conduct under New York law. In addition, the amendment again moved the date restrictions, this time from the statute to the enabling language.

This history reflects that the Legislature recognized the harsher penalties that had been applied when a person had a prior in-state conviction, as opposed to a prior out-of-state conviction, and intended to remedy that discrepancy. "This bill would eliminate one of the loopholes that allows repeat DWI offenders to face lesser penalties simply because prior convictions occurred out of state" (Assembly Mem in Support, Bill Jacket, L 2006, ch 231). The stated purpose of the amendment was "[t]o ensure that a prior out-of-state conviction for operating a motor vehicle while under the influence of alcohol or drugs shall be deemed to be a prior conviction for the same action as if it had occurred in New York State" (Assembly Mem in Support, Bill Jacket, L 2006, ch 231).

Although the legislative history does not specifically discuss a time limitation, it is significant that the Legislature chose to continue applying the November 29, 1985 date originally used to allow for consideration of out-of-state convictions. The most sensible interpretation of the enabling language is that the Legislature chose to remedy this differential treatment going forward, by continuing to apply the previous statutory scheme to out-of-state convictions occurring prior to November 1, 2006, and applying the statute as amended to out-of-state convictions occurring after that date. The People's argument that "convictions" in the enabling language refers to current New York convictions is belied by the use of that November 29, 1985 to October 31, 2006 time frame. In addition, if "convictions occur-

ring on or after November 1, 2006" was meant to refer to current New York convictions, the enabling language establishing the effective date of the statute as November 1, 2006 (L 2006, ch 231, § 3) would be redundant. Treating "convictions" as prior out-of-state convictions also avoids any potential ex post facto problem arising from the People's proposed interpretation of the statute.

The enabling language of the 2006 amendments should be interpreted consistently with the language of the statute itself. The subdivision is entitled "Effect of prior out-of-state conviction" and throughout the subdivision the only references are to prior convictions—when a *prior* out-of-state conviction will be deemed a *prior* conviction under New York law. Moreover, use of the prior out-of-state convictions is necessary at the inception of the case, for charging purposes, in order to make the initial determination of whether a defendant can be indicted for misdemeanor or felony DWI. Based upon all of the above considerations, the most reasonable interpretation of the statute and its enabling language is that out-of-state convictions from prior to November 1, 2006 cannot be used to elevate a DWI offense to a felony.

In light of this disposition, it is not necessary to address defendant's argument concerning whether the conduct underlying his Georgia conviction would have been the equivalent of a misdemeanor under Vehicle and Traffic Law § 1192. In addition, defendant's cross appeal is dismissed, since he was not adversely affected by the Appellate Division order within the meaning of CPL 450.90 (1).

Accordingly, on the People's appeal, the order of the Appellate Division should be affirmed. Defendant's appeal should be dismissed upon the ground that the order from which the appeal is taken is not adverse or partially adverse within the meaning of CPL 450.90 (1) (*see People v Edwards*, 96 NY2d 445, 451 n 2 [2001]).

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On the People's appeal, order affirmed. Defendant's appeal dismissed upon the ground that the order from which the appeal is taken is not adverse or partially adverse within the meaning of CPL 450.90 (1) (*see People v Edwards*, 96 NY2d 445, 451 n 2 [2001]).