OPINION OF THE COURT
Terrence C. Brown-Steiner, J.
The matter before this court is the defendant’s CPL 440.10 motion to vacate a prior plea of guilty to driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). For the reasons set forth herein, the defendant’s motion is granted, the guilty plea vacated, and the matter restored to the trial calendar for further proceedings.
Facts and Posture of the Case
On August 5, 2012 the defendant was charged by misdemeanor complaint alleging a violation of Vehicle and Traffic Law § 1192 (3), driving while intoxicated (DWI). The defendant was also charged with multiple traffic violations (Vehicle and Traffic Law §§ 1128, 1163, 1194). It is not disputed that the defendant had two prior DWI offenses: one in 1990 and one in 1993.
The matter proceeded through discovery and motion practice. On February 11, 2013 the defendant pleaded guilty to common-law DWI (Vehicle and Traffic Law § 1192 [3]), in full satisfaction of all pending charges.
Immediately following his plea, and as part of the terms of the plea bargain, a minimum sentence and minimum fines were imposed. The sentence included: (a) a mandatory six-month suspension of his driver’s license; (b) mandatory attendance at the victim impact panel; (c) the installation of an ignition interlock device to remain for a period of six months; and (d) a minimum local fine of $500 plus the mandatory New York State surcharge of $400.
CPL 440.10 Motion
One month after the original plea, on or about March 14, 2013, with new counsel, the defendant moved to set aside the plea and judgment of conviction pursuant to Criminal Procedure Law § 440.10. The defendant argued that at the time of the plea on February 11, 2013, he reasonably expected to be able to apply to the Commissioner of the Department of Motor *187 Vehicles (DMV) for restoration of his driver’s license after the six-month suspension. The defendant indicated that at the time of the plea he, upon advice of counsel, relied upon the DWI suspension regulation in effect at that time, to wit: Regulations of Commissioner of Motor Vehicles (15 NYCRR) former § 136.5 (b) (5).
State Administrative Procedure Act § 202 generally requires a State agency promulgating proposed regulations to publish such regulations in the state registry for a period of 45 days (and in some cases conduct public hearings) to allow for notice and public comment. The agencies are also authorized, at times, to issue emergency regulations without the 45-day waiting period. (State Administrative Procedure Act § 202 [6] [“Notice of emergency adoption, (a) Notwithstanding any other provision of law, if an agency finds that the immediate adoption of a rule is necessary for the preservation of the public health, safety or general welfare and that compliance with the requirements of subdivision one of this section would be contrary to the public interest, the agency may dispense with all or part of such requirements and adopt the rule on an emergency basis”]; see Matter of Board of Visitors — Marcy Psychiatric Ctr. v Coughlin, 60 NY2d 14, 20 [1983] [“The standard of review is not whether we or the courts below would conclude that a limited emergency exists; it is rather whether the determination by the Commissioner of Correctional Services that such an emergency exists was irrational or arbitrary or capricious”].)
“Emergency” regulations, put into effect without public comment, are often controversial and subject to judicial challenge. (See e.g. Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916 [3d Dept 2005]; Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York, 229 AD2d 286 [3d Dept 1997]; Matter of New York State School Bds. Assn. v New York State Bd. of Regents, 210 AD2d 654 [3d Dept 1994].) Issues of proper promulgation of regulations are particularly pertinent to criminal prosecution with inherent issues of notice to defendant. (People v Bush, 134 AD2d 871 [4th Dept 1987].) The power to issue emergency regulations is subject to judicial review. (Matter of Hague Corp. v Empire Zone Designation Bd., 96 AD3d 1144, 1145 [3d Dept 2012] [“Initially, we are unpersuaded by petitioner’s contention that DED violated the State Administrative Procedure Act (hereinafter SAPA) in adopting the regulations on an emergency basis without first identifying the circumstances necessitating such and providing the public with an opportunity to comment”].)
*188 The regulation at issue in this case, DMV Regulations § 136.5, which was adopted on an emergency basis, provided for multiple periods of mandatory and discretionary ineligibility to hold a driver’s license, and eventual ability to apply for a restored driver’s license. As applicable to this case, the defendant claimed reliance upon section 136.5 (b) (5). Paragraph (5) provided, that if “the person has two (2) alcohol- or drug-related convictions or incidents in any combination within 25 years preceding the date of the revocable offense, then the Commissioner may in his or her discretion approve the application after the minimum statutory period is served” (§ 136.5 [b] [5]). In this case, the defendant’s “minimum statutory period” was six months.
As the regulation appeared to exclude the present offense (“preceding the date of the revocable offense”), and the defendant had two prior offenses, he fell within the provisions of section 136.5 (b) (5). Counsel for defendant argued that the emergency regulation was broadly criticized by defense counsel throughout the state for ambiguity and vagueness, and the meaning of the language of “preceding the date of the revocable offense.” In apparent response to criticism for lack of clarity, and/or other reasons not known by the court, the Commissioner promulgated a new and superseding regulation.
The regulation was amended on February 22, 2013[1] and immediately implemented 11 days after the defendant’s plea.[2] While the regulation was promulgated after the plea, its apparent effect was immediate. The new section 136.5 regulation removed the “preceding the date” language and clearly stated the consequence of a third conviction, plea, or serious offense. A third DWI plea, conviction or serious offense within 25 years would result in a period of ineligibility well beyond the six-month mandatory suspension.
The February 22nd regulation provided:
“(4) (i) the person has three or four alcohol- or drug-related driving convictions or incidents in any combination within the 25 year look back period but no serious driving offenses within the 25 year *189 look back period; and
“(ii) the person is not currently revoked as the result of an alcohol- or drug-related driving conviction or incident, then the Commissioner shall deny the application for at least two years, after which time the person may submit an application for relicensing. Such waiting period shall be in addition to the revocation period imposed pursuant to the Vehicle and Traffic Law. After such waiting period, the Commissioner may in his or her discretion approve the application, provided that upon such approval, the Commissioner shall impose an A2 restriction, with no ignition interlock requirement, for a period of two years. If such license with an A2 restriction is later revoked for a subsequent alcohol- or drug-related driving conviction or incident, such person shall thereafter be ineligible for any kind of license to operate a motor vehicle.” (§ 136.5 [b] [4] [emphasis supplied].)
As the defendant’s plea resulted in a third DWI violation, he would be ineligible to apply for a new license until two years after the six-month revocation.
Defense counsel argued, persuasively, that the new regulation, not in effect at the time of the plea, imposed serious additional consequences upon his client. Defense counsel argued “as a result of this change, after the addition of the statutory waiting period of six months, the defendant will have to endure another two year waiting period after which he will [have] to endure at least two (2) years of an A2 restriction.” (Fiandach affirmation para 20.)
The trial court’s authority to vacate a plea, verdict or judgment is expressly limited by statute. CPL 440.10 empowers the court to vacate a plea, where appropriate, only if certain specified elements are found. At motion argument, the Assistant District Attorney (ADA) forcefully argued that the defendant did not meet any of the requirements of this statute. The ADA also stated, correctly, that the plea negotiations did not include any estimated or promised period of ineligibility beyond the mandatory six-month revocation.
Upon review of CPL 440.10, this court finds that there is a valid basis to set aside the plea pursuant to section 440.10 (1) (h) which provides that a judgment may be set aside by the trial court if such judgment was obtained “in violation of a right of the defendant under the constitution of this state or of the United States.”
*190 This court finds that the regulation change promulgated after the plea but retroactively[3] applied, violated the defendant’s right to due process, or at least raised issues sufficient to warrant the granting of the CPL 440.10 motion allowing the defendant to vacate his prior plea. A credible claim can also be made that the retroactive application of the regulation violates the defendant’s right to the equal protection of the laws and substantive due process.
It is clear that the right to drive/possession of a driver’s license is a privilege and not a right. (Matter of Papaioannou v Kelly, 14 AD3d 459 [1st Dept 2005].) The right to travel is a component of the recognized right to liberty. (Shapiro v Thompson, 394 US 618, 642 [1969, Stewart, J., concurring] [“ ‘The constitutional right to travel from one State to another . . . has been firmly established and repeatedly recognized.’ United States v. Guest, 383 US 745, 757”].) As a motor vehicle is often required to travel, there are logical limits to the classification of a driver’s license as a privilege. Such issues are not before this court.
It is clear that this court should not intrude upon the province of the Commissioner of the Department of Motor Vehicles (or other state agency) unless such agency discretion is exercised in an arbitrary and capricious manner. (See e.g. Matter of Funes v New York State Dept. of Motor Vehs., 2013 NY Slip Op 31082[U] [Sup Ct, NY County, May 15, 2013] [discussing 15 NYCRR 136.5]; see Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361 [1999] [Board of Education case].) This court is not being asked here to override or vacate a decision of the DMV Commissioner. The right(s) of the defendant that were violated in this case, however, are rights separate from the privilege to drive.
Ex Post Facto Effect of Regulation
This court finds that the defendant is entitled to vacate the plea based upon the ex post facto character and retroactive effect of amended DMV Regulations § 136.5.
*191 States are constitutionally prohibited from enacting ex post facto laws. (US Const, art I, § 10, cl 1.)[4] Such constitutional rights and protections have been expressly considered by New York’s highest Court in DWI cases. (See e.g. People v Ballman, 15 NY3d 68, 74 [2010] [Ontario County case, affirming Appellate Division vacatur of felony charge and affirming Fourth Department decision (“Treating ‘convictions’ as prior out-of-state convictions also avoids any potential ex post facto problem arising from the People’s proposed interpretation of the statute”)]; People v Maldonado, 173 Misc 2d 612 [Sup Ct, Nassau County 1997].)
There are many ways that a state law or regulation can create ex post facto consequences. The classic example is a law that makes conduct that was lawful at the time engaged in retroactively unlawful. That is not the case here. DWI was illegal at the time of this offense. An additional category of ex post facto laws is a law that imposes additional and harsher consequences than existed at the time of the offense. (See Matter of Dillon v Coughlin, 143 Misc 2d 207, 213 [Sup Ct, Albany County 1989] [“Particularly in the area of criminal law, statutes which condemn an act innocent when done, or increase the punishment for previously committed crimes, have always been regarded as oppressive and prohibited, as ex post facto laws, by the Federal Constitution. (U.S. Const, art. I, § 10; see, e.g., People ex rel. Pincus v. Adams, 274 N. Y. 447, 454-455; People v Hayes, 140 N. Y. 484, 490-491; Colder v. Bull, 3 Dallas [U. S.] 386, 390.)” (emphasis supplied)]; see also James Sq. Assoc. LP v Mullen, 21 NY3d 233, 246 [“ ‘(F)or centuries our law has harbored a singular distrust of retroactive statutes’ (Eastern Enterprises v Apfel, 524 US 498, 547 [1998, Kennedy, J., dissenting in part]). The United States Supreme Court stated in Landgraf v USI Film Products that ‘(e)lementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted’ (511 US 244, 265 [1994])”]; see also discussion in Stogner v California, 539 US 607, 612 [2003] [State extended statute of limitations to time-barred sexual offenses (analyzing statutory changes that *192 impose additional punishments retroactively and reviewing four ways that a statute can violate ex post facto laws, “Category 3: ‘[I]n other cases, they inflicted greater punishment, than the law annexed to the offence’ ”)].)
The practical and very real effect of the New York DMV regulatory change was to impose, immediately and de facto retroactively, additional consequences upon the defendant than existed at the time of the plea. This is constitutionally offensive.
Ex post facto issues seem to arise often when legislation or regulations are passed expediently and with retroactive effect. The New York courts and other state courts often see such issues arise in cases of (a) sexual offender abuse or sexual offender registration and (b) DWI. (See e.g. Stogner v California, 539 US 607 [2003] [sexual abuse]; People v Grice, 254 AD2d 710 [4th Dept 1998] [sex offender registration]; People v Mitchell, 300 AD2d 377 [2d Dept 2002] [Sex Offender Registration Act]; People v Maldonado, 173 Misc 2d 612 [Sup Ct, Nassau County 1997] [ruling the DWI enhanced sentencing rules do not violate ex post facto laws]; Matter of State of New York v Farnsworth, 75 AD3d 14 [4th Dept 2010] [sexual offense]; People v Kearns, 253 AD2d 768 [2d Dept 1998] [sex offender registration]; People v Ballman, 15 NY3d 68 [2010] [DWI]; People v Treadway, 163 Cal App 4th 689, 77 Cal Rptr 3d 786 [2008] [DWI; imposing additional “look back period” for convictions]; see also Gordon v Registry of Motor Vehs., 75 Mass App Ct 47, 50, 912 NE2d 9, 13 [2009] [constitutional challenge to Melanie’s Law; “The ex post facto claim. The United States Supreme Court has held that every law which ‘changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed,’ is in violation of the ex post facto clause of the United States Constitution. Colder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798). This prohibition, however, applies only to statutes that are punitive in nature; civil remedies are not subject to the prohibition against ex post facto laws. See Commonwealth v. Fourteen Thousand Two Hundred Dollars, 421 Mass. 1, 6, 653 N.E.2d 153 (1995)”]; Bradsheer & Johnson v Florida Dept. of Hwy. Safety, 20 So 3d 915, 290 [Fla D Ct App, 1st Dist 2008] [“They argue that the forced installation of the ignition interlock device violated the federal prohibitions against double jeopardy (Count II) and ex post facto laws (Count III). Both of these claims hinge on finding the installation of the device was a criminal penalty unjustly inflicted upon them. However, the Department, as an administrative agency, cannot *193 impose criminal sanctions”]; City of West Allis v Radtke, Wis Ct Appeals, docket No. 95-2713, 1996 [DWI conviction effect upon commercial drivers]; Lescher v Florida Dept. of Hwy. Safety & Motor Vehs., 985 So 2d 1078, 1079 [Fla Sup Ct 2008] [DWI, permanent revocation of license, “(i)n this case we consider whether a statutory amendment constitutes an ex post facto law. Florida law provides that after four convictions for driving under the influence (DUI), the defendant’s driver’s license shall be permanently revoked”]; People v Forrestor, Cal Ct Appeals, 2d Dist, docket No. B198662, 2007 [ex post facto challenge to statutory period of suspension; “Courts have routinely rejected ex post facto challenges to statutes that Courts reason that the sentence increase penalties for recidivism imposed upon a habitual offender is not an additional punishment for the earlier crime, but a punishment for the later crime, which is aggravated because of its repetitive nature”].)
This court is aware that not all regulatory changes are considered violative of the prohibition against ex post facto laws. (See e.g. People v Mitchell, 300 AD2d 377 [2d Dept 2002] [SORA, sex offender registration changes found not to violate ex post facto prohibition]; see also People v Guszack, 237 AD2d 715, 715 [3d Dept 1997] [“Defendant appeals, primarily contending that, as applied to him, Vehicle and Traffic Law § 511 (3) (a) constitutes an ex post facto law because it provides for enhanced punishment as the result of a preexisting condition, i.e., the revocation of his driver’s license in 1984. We disagree”]; People v Kearns, 253 AD2d 768 [2d Dept 1998] [sex offender registration].)
In this case, however, the regulatory changes were significant, adding as much as two years to the period of ineligibility for a driver’s license, and certainly support the application made pursuant to CPL 440.10.
The fundamental concept of the prohibition of ex post facto laws is putting a defendant on notice that certain conduct may lead to specified violations and consequences. (People v Hall, 158 AD2d 69 [1st Dept 1990]; United States v Harriss, 347 US 612 [1954].) In this case, at the time of the violation and the plea, the defendant was not on notice that a third violation of Vehicle and Traffic Law § 1192 (3) would or could lead to a suspension of driving privileges for two years beyond the mandatory six-month revocation. While DWI was illegal before and, after the regulatory change, the punishment/consequences as to driving privileges were quadrupled. While this may or may not *194 constitute an ex post facto law, it certainly violates basic principles of justice.
The defendant’s motion to vacate the plea of guilty is granted. The matter is restored to the trial calendar on all pending charges.

. Per representation of defense counsel without challenge.

. The New York DMV website states that the part 136 regulations are not effective until May 1, 2013. (Http://www.dmv.ny.gov/problem.htm.) However, this conflicting effective date may reflect an additional revision (15 NYCRR 136.5 [“Statutory authority: Vehicle and Traffic Law, § 215. Added 136.5 on 1/15/80; amended 136.5 on 2/02/83; amended § 136.5 (b) on 2/23/11; amended 136.5 on 5/01/13”]).

. While the regulation enacted only a few days after the guilty plea may not be expressly retroactive, it appears that applications to restore a license after the date of promulgation and date of mandatory revocation will be subject to the new restrictions.

. “No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.”